Opinion Issued July 1, 2004 
















     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00457-CR




RAFAEL PINEDA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 932997




O P I N I O N

          Appellant, Rafael Pineda, was charged with the felony offense of aggravated
robbery


 and pleaded not guilty. A jury found appellant guilty and assessed his
punishment at 20 years’ confinement. In three points of error, appellant contends the
interpreter’s absence during certain voir dire proceedings denied him (1) his
constitutional right to effective assistance of counsel, (2) his constitutional right to
due process, and (3) his constitutional right to be present and participate in jury
selection. We affirm. 
Facts
          On December 9, 2002, police responded to a robbery in progress at the Creditos
Columbia jewelry store. Jose Vargas, the owner of the store, and his son, Nilton
Vargas, were both working at the store. Both testified that three men came into the
store and tried on some jewelry, and then one of them pulled out a pistol and
exclaimed, “This is a robbery.” Two of the robbers had pistols, while the third carried
what looked like a rolling pin. Once the robbery was announced, all three men
donned ski masks. 
          Jose recognized appellant as a patient at the physical therapy clinic he attended. 
They had been treated at the clinic on adjoining tables, and Jose had given appellant
his business card for the jewelry store. Jose provided police with appellant’s name
and address. He also picked appellant out as the robber in a photo array and
videotaped lineup. At trial, both Jose and Nilton identified appellant as one of the
robbers. They also both testified that appellant held a gun to Jose during the robbery. 
          Appellant testified and relied upon an alibi defense. The jury, however,
rejected appellant’s defense, and convicted him of aggravated robbery. 
Procedural Background 
          Appellant, a non-English-speaking defendant,


 complains about the absence of
an interpreter during part of the voir dire proceedings. The appellate record begins
with voir dire. Although there is no indication in the beginning pages of the record
as to the appointment or presence of an interpreter, the Court, when making the
introductions of the parties to the prospective jury panel, introduced Ms. Marilou
Flores as the interpreter. During the court’s and the parties’ questioning of the venire,
the record again indicates the presence of the interpreter.


 However, after voir dire
examination of the panel, and after the trial court told the parties to make their strikes,
the record contains the following notation: “(Interpreter not present to interpret for
the defendant.).” The appellate record contains the following notation five pages
later: “(Interpreter present.).” 
          The five pages of the reporter’s record of which appellant complains indicate
that, during the absence of the interpreter, the trial court addressed the panel of
prospective jurors on the general procedures used by courts for jury selection,
including remarks on how prospective jurors are selected, peremptory challenges,
challenges for cause, size of jury panels, television coverage, the court’s appreciation
to those who honored their jury duty summons, and conclusion of service by
prospective jurors not selected on the jury. These five pages were the only trial
proceedings apparently not translated. No party objected to the interpreter’s absence
while the court addressed the panel. 
          During this time, the record indicates that the parties were deciding upon their 
peremptory strikes of potential jurors. The appellate record does not reflect whether
the interpreter was with appellant and his counsel while they were discussing and
making these strikes.Discussion
          Due Process and Right to be Present and Participate in Jury Proceedings
          In his second and third points of error, appellant contends that, because of the
interpreter’s absence, he was denied due process and his right to be present and
participate in jury selection. 
          The right of a non-English speaking person to the assistance of an interpreter
during trial proceedings is guaranteed by the Confrontation Clause of the Sixth
Amendment to the United States Constitution, the Due Process Clause of the
Fourteenth Amendment, article I, section 10 of the Texas Constitution, and article
38.30 of the Texas Code of Criminal Procedure. See Baltierra v. State, 586 S.W.2d
553, 558 (Tex. Crim. App. 1979); Garnica v. State, 53 S.W.3d 457, 458 (Tex.
App.—Texarkana 2001, no pet.). The Confrontation Clause creates a constitutional
right to be present at trial. Illinois v. Allen, 397 U.S. 337, 338, 90 S. Ct. 1057, 1058
(1970). The right to an interpreter stems from the right to be present and confront and
be confronted by witnesses and it extends to all portions of the trial proceedings. 
Baltierra, 586 S.W. 2d at 559. An accused’s presence does not suffice to provide
confrontation if he does not understand the language of the forum. Id. at 556-57.
          Appellant contends that the absence of the interpreter during voir dire violated
his right to due process and his right to be present and participate in jury selection. 
He argues that the absence of the court interpreter prevented him from intelligently
exercising his peremptory challenges and that the absence of the interpreter
compromised his right to be present and participate in the jury selection. 
          The State initially argues that appellant has waived any error “because he failed
to object to the supposed absence of an interpreter during the trial court’s remarks to
the jury panel.” Although there is support for the State’s contention that
confrontation rights generally, and the right to an interpreter specifically, can be
waived, the right to an interpreter is not deemed waived if the trial court is aware that
an accused does not speak or understand English. Id. Recently, the Court of
Criminal Appeals held that the right to an interpreter is a category-two Marin
right—a right that must be implemented by the system unless expressly waived. 
Garcia v. State, 2004 WL 574554, * 8 (Tex. Crim. App. Mar. 24, 2003). Because
appellant did not expressly waive his right to an interpreter, appellant’s failure to
object to the interpreter’s absence does not constitute a waiver of his rights. 
          Nothing in the record, however, demonstrates that the interpreter was not
available to appellant while appellant and his counsel were deciding upon peremptory
strikes of potential jurors. The question, therefore, is whether appellant had the right
to have an interpreter translate for him the instructions given by the trial judge to the
venire while the parties were making their strikes. Assuming without deciding that
the absence of an interpreter made appellant “absent,” in violation of the
Confrontation Clause, we nevertheless conclude that any such error was harmless. 
          The Texas Court of Criminal Appeals has adopted the “reasonably substantial
relationship” test to satisfy Fourteenth Amendment due process and Sixth
Amendment Confrontation Clause concerns. Routier v. State, 112 S.W.3d 554, 576
(Tex. Crim. App. 2003). This test focuses on the effect of the error on the
advancement of the defendant’s defense; the defendant’s presence must bear a
reasonably substantial relationship to the opportunity to defend. Adanandus v. State,
866 S.W.2d 210, 219 (Tex. Crim. App. 1993). If the defendant’s presence would not
have furthered the defense, his presence does not bear a reasonably substantial
relationship to the opportunity to defend. Id. 
          Here, during the interpreter’s absence, the trial court made general remarks to
the panel. None of these remarks involved appellant or his case, or required his
contribution to the proceedings. Any error in this regard, therefore, does not bear a
substantial relationship to appellant’s opportunity to defend himself. See Weber v.
State, 829 S.W.2d 394, 396-97 (Tex. App.—Beaumont 1992, no pet.) (holding
defendant’s temporary absence during voir dire proceedings harmless where presence
did not bear reasonably substantial relationship to opportunity to defend because
nothing occurred which could have affected defendant, had defendant been present;
there was no contribution he could have made to proceedings). 
          Even if the absence of the interpreter violated appellant’s constitutional rights,
therefore, under the reasonably substantial relationship test, the error did not affect
the outcome of the trial and thus, was harmless. 
          We overrule appellant’s second and third points. 
Effective Assistance of Counsel 
          In his first point of error, appellant claims he was denied his right to effective
assistance of counsel because of the court interpreter’s absence from a portion of the
voir dire proceedings.
          To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). First, appellant must demonstrate that counsel’s 
representation fell below an objective standard of reasonableness under prevailing
professional norms. Id., 466 U.S. at 688, 104 S. Ct. at 2064; Howland v. State, 966
S.W.2d 98, 104 (Tex. App.—Houston [1st Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex.
Crim. App. 1999). Second, appellant must establish that counsel’s performance was
so prejudicial that it deprived him of a fair trial. Howland, 966 S.W.2d at 104. Thus,
appellant must show that a reasonable probability exists that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at 104. 
Appellant has the burden to establish both of these prongs by a preponderance of the
evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
          It is presumed that trial counsel’s strategy was sound and that the
representation was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has
overcome these presumptions, we are limited to the facts of the case. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We cannot speculate beyond the
record provided. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An
appellant “making a claim of ineffective assistance must identify the acts or omissions
of counsel that are alleged not to have been the result of reasonable professional
judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 2052. Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 813. 
          Here, appellant does not present any argument as to why or how he received
ineffective assistance of counsel. There was no motion for new trial. Therefore, the
record is silent as to what appellant’s trial counsel’s strategy was during trial. To find
that counsel was ineffective would call for speculation, which we will not do.
Gamble, 916 S.W.2d at 93. Moreover, appellant has not demonstrated how the lack
of a translator during part of the voir dire caused his attorney to commit any
unprofessional error, much less one so egregious that, but for that error, the outcome
of his trial could have been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at
2068. 
          We overrule appellant’s first point of error.
Conclusion
          We affirm the judgment of the trial court. 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Bland.
Publish. Tex. R. App. P. 47.4.