Affirmed and Memorandum Opinion filed May 22, 2008








Affirmed and Memorandum Opinion filed May 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00152-CR

____________

 

JOSE GUADALUPE ROMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 1033308

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jose Guadalupe Roman was convicted of aggravated
sexual assault and sentenced to confinement for 45 years in the Texas
Department of Criminal Justice, Correctional Institutions Division.  In three
issues, Roman challenges the conviction, asserting that (1) the trial court
erred in declining to declare a mistrial sua sponte after voir dire proceedings
were conducted without an interpreter, (2) he received ineffective assistance
of counsel, and (3) the trial court erred in declining to grant a mistrial as
requested by his counsel after the jury heard testimony that Roman had
previously been in jail.  We affirm.








I.  Factual and Procedural History

Jose Guadalupe Roman lived with Ebelia Fuentes (Ebelia),
and her son, I.F., from approximately 1994 to 2002.  During that time, Roman
fathered two children with Ebelia, E.R. and D.R.  Roman and Ebelia separated in
2002.  Over the next three years E.R. and D.R. lived with Ebelia and visited
Roman in compliance with the custody agreement. 

In 2005, three years after Roman and Ebelia separated, the
children went to North Carolina to visit extended family.  On that trip, E.R.
disclosed to her cousins her allegations of sexual assault by her father.  When
this information was relayed to Ebelia a month later, she immediately went to
E.R.=s school to
discuss the allegations.  Ebelia testified that E.R. spoke about the sexual
abuse occurring prior to her separation from Roman, stating that Awhen she would
stay sometimes with her father he would lock the door, and he would tell her to
drop her panties. . . .  he would take out his private part and put it in the
part, the back part of the little girl.@  Ebelia admitted
that she never noticed bruises or tenderness on her daughter, and that she did
not notice any emotional response in E.R. that would be consistent with a
sexual assault.  She also admitted that Roman had left her for another woman.

E.R. was eleven years old when she testified at trial about
the incidents that took place when she was five and six years old.  On
Saturdays, while her mother was at work, Roman would call E.R. into the bedroom
and lock the door.  E.R. testified that Ahe told me to take
off my pants@ and Ahe put me on the edge of the bed . . .
[and] told me to look towards the wall . . . [a]nd after that, I felt something
hard in my back side.@  She also stated that she Atried to avoid him
from sticking it in, and then he would tell me to open my rear-end so he could
do it.@  When given
anatomically correct dolls, she identified the vaginal area, the chest, and the
buttocks as the private places on a female body, and the genital area as the
private place on a male body.  E.R. further testified that Roman touched her in
her Arear-end@ and when asked
what Roman used to touch her, she responded Awhat he has
between . . . of his two legs . . . to go to the bathroom.@  








I.F., E.R.=s half-brother, was 13 years old at the
time of trial and testified that he heard E.R. crying and screaming when Roman
took her into the bedroom, but that he did not do anything about it because he
was scared.  A physician at the Children=s Advocacy Center
examined E.R., but found no physical evidence of abuse.  However, he testified
that this finding was consistent with the three-year time lapse between the
alleged abuse and the examination.

Roman was charged by indictment for aggravated sexual
assault.  After voir dire, Roman=s attorney
requested an interpreter and informed the court that Roman, who spoke Spanish,
did not fully understand English and had some difficulty understanding certain
words during voir dire.  Counsel stated that he had been representing Roman for
approximately six or seven months, and during that time it was never brought to
his attention that Roman did not understand English.  However, counsel admitted
that he typically used another employee, who was fluent in Spanish, to
communicate with Roman.  Counsel informed the court that Roman was born in
Mexico, completed the equivalent of ninth grade in school, and has been in the
United States since 1980.  When asked if his client was able to communicate
with him in English, he responded that Roman Awas able to talk
with me about his knowledge of the case and his concerns regarding the case.@  Although Roman
communicated with pretrial services employees in Spanish, an employee from
pretrial services informed the court that Roman indicated on his pretrial
paperwork that English was his main language and he completed his pretrial
paperwork in English.  The court granted the request for an interpreter and
proceeded to trial.  A jury found Roman guilty as charged and the trial court
assessed punishment at confinement for 45 years in the Texas Department of
Criminal Justice, Correctional Institutions Division.

II.  Issues and Analysis








Roman contends that (1) the trial court erred in declining
to declare a mistrial sua sponte after voir dire proceedings were conducted
without an interpreter, (2) he received ineffective assistance of counsel, and
(3) the court erred in declining to grant a mistrial as requested by his
counsel after the jury heard testimony that Roman had previously been in jail.      

A. 
The trial court did not err in declining to declare a mistrial sua sponte after
voir dire proceedings were conducted without an interpreter.

AOur system may be thought to contain rules
of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights
of litigants which must be implemented by the system unless expressly waived;
and (3) rights of litigants which are to be implemented upon request.@  Marin v.
State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), overruled on other
grounds by Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997)).  The
right to an interpreter falls into the second category, and can be expressly
waived.  Garcia v. State, 149 S.W.3d 135, 144 (Tex. Crim. App. 2004). 
An interpreter must be appointed following a motion by any party or a motion of
the court when the defendant or a witness does not understand and speak the English
language.  Code Crim. Proc. Ann. art 38.30(a) (Vernon 2005).  When the court is
aware of the language barrier, however, the court Ahas an independent
duty to ensure that the proceedings are interpreted for the defendant, absent
the defendant=s knowing and intelligent waiver.@  Garcia,
149 S.W.3d at 144.  The court becomes aware of a language barrier when
it is informed by one or both of the parties, or by personal observation.  Id.
at 145.








In the present case, the State contends that the court had
no reason to be aware of Roman=s possible language barrier until Roman=s counsel brought
the matter to the court=s attention after the jury was selected. 
The State asserts that nothing in the clerk=s record indicates
that Roman could not speak or understand English and required an interpreter. 
Roman was present during the voir dire proceedings and did not inform the court
that he needed an interpreter.  When the interpreter issue was raised, the
court questioned Roman=s counsel about the duration of his
representation, the method of communication between Roman and his counsel, and
whether Roman understood and communicated in English.  The court learned that
Roman had resided in the United States for more than 25 years.  English was
spoken at Roman=s place of employment; however, he had
some difficulty communicating with his employer.  Roman=s counsel admitted
that he used another Spanish-speaking employee to facilitate communication with
Roman most of the time, but told the court that it was never brought to his
attention that Roman did not understand when he spoke to him in English.  When
asked if he was able to communicate with Roman in English, Roman=s counsel
responded: A[h]e has been able to talk with me about his knowledge
of the case and his concerns regarding the case, yes.@  The trial court
subsequently appointed an interpreter, and the interpreter assisted Roman
through the remainder of the trial proceedings.

A trial court has the discretion to declare a mistrial sua
sponte when Ain [its] opinion, taking all the circumstances into
consideration, there is a manifest necessity for the act, or the ends of public
justice would otherwise be defeated.@  Torres v.
State, 614 S.W.2d 436, 442 (Tex. Crim. App. 1981).  The power to grant a
mistrial sua sponte Aought to be used with the greatest
caution, under urgent circumstances, and for very plain and obvious causes.@  Id.   Because
it is unclear from the fact of this case that Roman actually needed an
interpreter, and because the court appointed an interpreter as soon as it
became aware of a possible language barrier, Roman has not established that the
trial court abused its discretion in failing to declare a mistrial sua
sponte.   








Roman contends that this is a constitutional error, which
is subject to harmless-error review and warrants reversal.  Tex. R. App. Proc.
44.2(a).  We disagree.  In a harmless-error review, we must reverse the
judgment unless we determine beyond a reasonable doubt that the error did not
contribute to the conviction.  Id.  Even if we agree with Roman that
there was a constitutional error, we conclude that reversal is not necessary
because the error did not contribute to the conviction.  There is no evidence
to support the contention that had Roman been provided an interpreter during
voir dire, the composition of the jury would have been different and that jury
would have reached a different verdict based on the same evidence.  

The Texas Court of Criminal Appeals has adopted the Areasonably
substantial relationship@ test, which requires that the defendant=s presence must
bear a reasonably substantial relationship to the opportunity to defend.  Pineda
v. State, 176 S.W.3d 244, 247-48 (Tex. App.CHouston[1st Dist.]
2004, pet. ref=d) (holding that the temporary absence of an
interpreter during voir dire was harmless) (quoting Adanandus v. State,
866 S.W.2d 210, 219 (Tex. Crim. App. 1993)).  Even if the absence of an
interpreter rendered Roman Aabsent@ from the voir
dire proceedings, his presence did not bear a reasonably substantial
relationship to his opportunity to defend.  Assuming that an interpreter during
voir dire would have allowed Roman to consult his attorney on possible juror
biases and suggest strikes for cause, there is still no indication that a
different jury would have reached a different result given the weight of the
evidence presented at trial.  Therefore, even if some error resulted from the
delay in appointing an interpreter, such error was harmless.  In the
alternative, Roman contends that even if this is considered non-constitutional
error, it still warrants reversal.  Roman contends that Rule 44.2(b) of the
Texas Rules of Appellate Procedure[1]
entitles him to reversal, because Roman claims that we cannot say with fair
assurance that harm was absent.  We disagree for the reasons previously
discussed.

B. 
Roman did not receive ineffective assistance of counsel.   








Roman asserts that he received ineffective assistance of
counsel when his counsel failed to protect his right to understand the trial
proceedings.  Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const.
art. I, ' 10; Code Crim.
Proc. Ann art 1.051 (Vernon 2005).  This right necessarily includes the right
to reasonably effective assistance of counsel.  Strickland v. Washington,
466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  When
reviewing allegations of ineffective assistance of counsel, we apply a
two-prong test.  See Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005) (citing Strickland, 466 U.S. at 687).  To satisfy this
test and establish ineffective assistance of counsel, an appellant must prove
by a preponderance of the evidence that (1) his trial counsel=s representation
was deficient in that it fell below an objective standard of reasonableness
based on the prevailing professional norms, and (2) there is a reasonable
probability that, but for counsel=s deficient performance,
the result of the proceeding would have been different.  Strickland, 466
U.S. at 688-92. 








When reviewing Roman=s claim for
ineffective assistance of counsel, we apply a strong presumption that the trial
counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999).  We must look to the totality of the representation and the
particular facts of each case.  Id.  Further, we presume that counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994).  Overcoming this presumption requires that Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Thompson,
9 S.W.3d at 914.  We must first determine whether Roman=s counsel=s performance was
so deficient that it fell below the standard of professional norms.  Roman
asserts that counsel was aware, or should have been aware, that Roman was
unable to understand English before the completion of jury selection.  However,
when asked if his client was able to communicate with him in English, he
responded that Roman Awas able to talk with me about his
knowledge of the case and his concerns regarding the case.@  Counsel stated
that although he had represented Roman for several months, he had no reason to
believe that Roman would require an interpreter until after the completion of
voir dire.  Upon being informed that Roman had some difficulty understanding
some of the words spoken during voir dire, Roman=s counsel promptly
raised the issue with the court, and requested an interpreter who assisted
Roman throughout the remainder of the proceedings.  

Even if we agreed with Roman and concluded that counsel=s actions did
satisfy the first prong of the Strickland test, we cannot conclude that
the second prong is satisfied.  There is not a reasonable probability that, but
for counsel=s deficient performance, the result of the proceeding
would have been different.  See Strickland, 466 U.S. at
688-92.  Any error resulting from the absence of an interpreter until after the
conclusion of voir dire was harmless.          

C. 
The trial court did not err in declining to grant a mistrial after the jury
heard testimony that Roman had previously been in jail.

Roman contends that the trial court erred by not granting a
mistrial after the jury heard testimony that he had previously been in jail. 
We disagree.  A trial court=s denial of a motion for mistrial is
reviewed under an abuse-of-discretion standard.  Ladd v. State, 3 S.W.3d
547, 567 (Tex. Crim. App. 1999) (citing State v. Gonzalez, 855 S.W.2d
692, 696 (Tex. Crim. App. 1993)).  The court must consider the particular facts
of each case when making the determination of whether to declare a mistrial.  Id. 
We must uphold the trial court=s ruling Aif it was within
the zone of reasonable disagreement.  Only in extreme circumstances, where the
prejudice is incurable, will a mistrial be required.@  Archie v.
State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (citations omitted). 
Almost any improper argument may be cured by an instruction to disregard and
will not require a mistrial.  See Dinkins v. State, 894 S.W.2d 330, 357
(Tex. Crim. App. 1995).    








A trial court may declare a mistrial when the Aerror is so
prejudicial that expenditure of further time and expense would be wasteful and
futile.@  Ladd, 3
S.W.3d 547 at 567.  A mistrial is proper when an impartial verdict cannot be
reached, or any verdict reached would have to be reversed on appeal due to a
procedural error.  Id. (citing Sewell v. State, 696 S.W.2d 559,
560 (Tex. Crim. App. 1983)).  In determining whether an improper argument
warrants a mistrial, we consider three factors: (1) the severity of the
misconduct, (2) any curative measures taken after the misconduct, and (3) the
certainty of conviction absent the misconduct.  Archie, 221 S.W.3d at
700 (citing Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App.
1998)).     

During cross-examination, Roman=s counsel asked
Ebelia when she and Roman moved in together, and she responded A[w]hen he got out
of jail.@  The trial court
denied the motion for a mistrial, but promptly instructed the jury to disregard
the remark.  In considering the first factor, we note that the reference to
jail may have created a negative inference in the mind of the jury.  However,
the court promptly instructed the jury to disregard Ebelia=s response and not
to consider it for any purposes.  Roman points to no evidence that the jury
failed to follow the instruction to disregard.  Regarding the third factor,
despite Ebelia=s improper response, substantial evidence supporting a
conviction existed, including the unambiguous testimony of E.R., as well as the
corroborating testimony of her mother and brother.  Accordingly, we hold that
the trial court did not abuse its discretion in finding that Ebelia=s response was not
so prejudicial that the expenditure of further time and expense would be
futile.  

Based on the foregoing, we affirm the judgment of the trial
court.  

 

 

 

/s/      Jeff Brown

Justice

 

 

Judgment rendered and Memorandum
Opinion filed May 22, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]  Rule 44.2(b) states AAny other error, defect, irregularity, or variance that does not affect
substantial rights must be disregarded.@  Tex. R. App. P. 44.2(b).