

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00068-CR

RICARDO HUERTA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 76,251-E-CR, Honorable Douglas R. Woodburn, Presiding

February 16, 2023

OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant was charged with murder in the first degree.[1]  A jury found him guilty as indicted and, finding two punishment enhancements true, assessed eighty years' imprisonment.  Appellant brings three issues on appeal.  By his first issue, he complains of a pretrial amendment to the indictment.  By the remaining issues, he contends that the court-appointed interpreter was not qualified or was absent during a pretrial hearing and

---

[1] TEX. PENAL CODE ANN. § 19.02(c).

portions of the trial. Because our review finds any alleged error was waived, absent, or harmless, we affirm.

## BACKGROUND

In the small hours of July 11, 2018, the body of Latrece Black was discovered behind a grocery store in Amarillo, Texas. She was killed by apparent strangulation. Scrape marks indicated she had been killed elsewhere and moved to the alley. Appellant and Black had exchanged text messages the night before. A few hours before the body was discovered, Appellant was stopped for an unrelated traffic violation. The officer observed Black's purse and identification in the car and learned that Appellant was on his way out of the country—to Mexico. Unaware of the murder, the import of the items in Appellant's possession, and the motivation for his apparent flight from the country, the officer allowed him to leave the scene. Eventually, law enforcement connected Appellant to the murder, and he was charged. The original indictment read:

> RICARDO HUERTA, on or about the 11th day of July, 2018, and before the making and filing of this Complaint, in Potter County, Texas, did then and there, with intent to cause serious bodily injury to an individual, namely, LATRECE LATELE BLACK, commit an act clearly dangerous to human life that caused the death of LATRECE LATELE BLACK, by restricting the breathe [*sic*] and circulation of Latrece Latele Black.

A few days prior to trial, the State moved to amend the indictment by striking "restricting the breathe [sic] and circulation of Latrece Latele Black" and replacing it with "impeding the normal breathing or circulation of the blood of Latrece Latele Black by applying pressure to her throat or neck." The trial court denied the first request to amend, so the State filed a second request five days later with the added stipulation: "Defense

2

Counsel has no objection." This request was granted and a docket entry to that effect was made; however, the actual order was not filed with the district clerk until two months after the trial had concluded. At trial, the amended indictment was read to the jury and Appellant entered a not-guilty plea. The delay in filing the order with the clerk's office, Appellant asserts, amounts to structural error because the jury heard the unfiled amended language, not the original, filed indictment, which he equates to the complete absence of a valid indictment.

Appellant also required the services of an interpreter throughout trial. The trial court appointed one, but the record is silent regarding the interpreter's qualification. No objection was lodged by Appellant regarding the same. Regarding the interpreter's presence, the individual volumes of the reporter's record all indicate the interpreter was present at trial, but the volume of the record made in conjunction with the relevant pretrial hearing does not indicate whether an interpreter was present.

**AMENDING THE INDICTMENT**

Essentially, this case deals with the procedure for amending an indictment. Amendments to an indictment are governed by constitutional and statutory provisions. The Texas Constitution gives a defendant the right to be charged by indictment for felony offenses. *Perez v. State*, 429 S.W.3d 639, 641 (Tex. Crim. App. 2014) (citing TEX. CONST. art. I § 10). An indictment issued by a grand jury protects citizens from arbitrary accusations by the government and provides a defendant with notice of the pending charges. *Id.* A matter of form or substance in an indictment may be amended at any time before trial on the merits commences after notice to the defendant. TEX. CODE CRIM.

3

PROC. ANN. art. 28.10(a). The indictment may not be amended over the defendant's objection if the amendment charges him with an additional or different offense. *Id.* at art. 28.10(c). All amendments of an indictment or information shall be made with the leave of the court and under its direction. *Id.* at art. 28.11. Amending an indictment under articles 28.10 and 28.11 requires three things: "a motion from the State, an order from the trial court, and documentation in the record reflecting the changes to the indictment sufficient to give the defendant fair notice of the charges against him." *Fury v. State*, 607 S.W.3d 866, 872 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).

Here, the first two requirements are satisfied. The only issue is if Appellant's stipulation to the pretrial amendment and the trial court's docket entry granting the motion to amend suffices for "documentation in the record reflecting the changes to the indictment sufficient to give the defendant fair notice of the charges against him" despite the order not being filed with the district clerk for over two months. We find it does.

The crux of the issue here appears to be the late filing of the order granting the amendment. Our review indicates this issue has been addressed by at least one of our sister courts. In *Perez v. State*, the Dallas Court of Appeals addressed whether an order granting an amended indictment approved before trial began, but not filed with the clerk until the day the verdict was rendered, was proper. *Perez v. State*, No. 05-15-00163-CR, 2016 Tex. App. LEXIS 9620, at *15–16 (Tex. App.—Dallas Aug. 30, 2016, no pet.) (mem. op., not designated for publication). Much like the case currently before this Court, Perez did not object to the amendment, entered a plea to the amended indictment and the amendment was read in open court to the jury. Also, much like the case at bar, Perez argued that the amendment was ineffective because it was not filed with the clerk until

4

after the trial commenced. The *Perez* Court rejected the argument that the amendment was not effective because it was not filed with the clerk until after the trial commenced by noting that—prior to trial—the record showed the trial court had received the motion to amend, "filed" it, granted the motion, and signed an order reflecting the same. *Id.* at *16. The court noted that a document is considered "filed" when delivered into the "custody of a proper official." *Id.* (citing *Garza v. State*, 919 S.W.2d 788, 789 (Tex. App.—Houston [14th Dist.] 1996, no pet.); TEX. R. CIV. P. 74; TEX. R. APP. P. 9.2(a)(2)).

Here, the record reflects the trial court received a motion to amend in which Appellant, on its face had no objection, granted it, and made a docket entry showing the same. The amended language was read in open court to Appellant, and he entered a not-guilty plea. There is no indication that Appellant or his counsel did not actually agree to the amendment and no indication that anyone was surprised by the slight change. We overrule issue one.

**INTERPRETER QUALIFICATIONS AND PRESENCE DURING PROCEEDINGS**

A defendant who cannot understand English is entitled to a court-appointed interpreter. *Garcia v. State*, 429 S.W.3d 604, 607 (Tex. Crim. App. 2014). To preserve error regarding an issue with the interpreter's qualification, an objection must be raised at trial. *See* TEX. R. APP. P. 33.1(a). *See also Ordonez v. State*, No. 07-21-00175-CR, 2022 Tex. App. LEXIS 1558, at *6–7 (Tex. App.—Amarillo March 7, 2022, no pet.) (mem. op., not designated for publication) (stating complaint regarding qualifications of interpreter waived without proper objection); *Phommathep v. State*, No. 07-12-00503-CR, 2014 Tex. App. LEXIS 1526, at *7–8 (Tex. App.—Amarillo Feb. 11, 2014, no pet.) (mem. op., not

5

designated for publication) (same). No objection to the interpreter's qualifications was raised here and we find any potential error waived. Issue two is overruled.

Concerning Appellant's complaint that the interpreter was absent during a pretrial hearing, we likewise, but for different reasons, overrule the issue. The volumes of the record pertaining to the trial itself all note under "Appearances" the presence of the interpreter, Elvira Johnson. The volume of the record relating to the pretrial hearing lacks this language and the record is otherwise silent regarding whether an interpreter was present. No objection was lodged by Appellant and he does not claim he could not understand the proceedings. Without proof to the contrary, we presume regularity of the proceedings. *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000); *Ridge v. State*, 205 S.W.3d 591, 597 (Tex. App.—Waco 2007, pet. ref'd). *See Talley v. State*, 909 S.W.2d 233, 235 (Tex. App.—Texarkana 1995, pet. ref'd) (holding where record does not affirmatively show the trial court's compliance with code of criminal procedure, but no objection raised, appellate court must presume compliance); *Morales v. State*, No. 14-95-01299-CR, 1997 Tex. App. LEXIS 2708, at *2–3 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (not designated for publication) (holding error regarding the failure to swear in the interpreter was waived because the appellant failed to object at trial).

We will not assume error from a silent record. *Rayme v. State*, 178 S.W.3d 21, 29 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Appellant bears the burden of overcoming this presumption. *Marras v. State*, 741 S.W.2d 395, 407 (Tex. Crim. App. 1987). *See Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986) (explaining there "is the presumption of the regularity of the judgment of conviction and the

6

proceedings absent a showing to the contrary" and "the burden is on the defendant to overcome the presumption"). Appellant has not carried his burden with respect to the interpreter's potential absence during specific portions of the trial.

As far as the pretrial hearing is concerned, even assuming for the sake of argument that the interpreter was absent during this hearing, the absence and record would need to show harm to secure reversal. *Pineda v. State*, 176 S.W.3d 244, 247 (Tex. App.—Texarkana 2004, pet. ref'd) (citing *Routier v. State,* 112 S.W.3d 554, 576 (Tex. Crim. App. 2003)). At the hearing in question, the State asked for a continuance of a few months to garner evidence and contact witnesses. Appellant objected and the trial court, siding with Appellant, denied the continuance. Appellant then took up some "standard motions" which—from a review of the record—granted all relief requested by Appellant. We cannot ascertain from our review of the record what harm Appellant did suffer, or could have theoretically suffered by prevailing on every issue at the pretrial hearing. Issue three is overruled.

## CONCLUSION

Overruling all of Appellant's issues, we affirm the trial court's judgment.

Alex L. Yarbrough
Justice

Publish.

7