**Victor Fidel GARNICA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00044–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted July 9, 2001.

Decided July 10, 2001.

Ebb B. Mobley, Longview, for appellant.

William M. Jennings, Gregg County Dist. Atty., Andy Porter, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Victor Fidel Garnica appeals the revocation of his community supervision. He pleaded guilty to the offense of unauthorized use of a motor vehicle. The trial court assessed his punishment at two years' confinement, but suspended the imposition of his sentence and placed him on four years' community supervision.

Three months later, the State filed a motion to revoke Garnica's community supervision, alleging that he violated four of its requirements. Almost four years later, the State filed an amended motion to revoke Garnica's community supervision, alleging an additional violation of its terms. The record shows that Garnica was in Mexico and Arizona in the intervening time between the State's first motion and its amended motion.

Garnica pleaded true to the State's allegations. The trial court revoked his community supervision and sentenced him to two years' confinement in a state jail facility.

On appeal, Garnica contends the trial court erred in failing to *sua sponte* appoint an interpreter for him at his revocation hearing. The record shows that Garnica filed a motion for appointment of an interpreter at his trial, which the trial court granted. However, he did not file a motion requesting an interpreter at his revocation hearing.

An accused's constitutional right to confront witnesses encompasses the right to have trial proceedings interpreted to the accused in a language he can understand. *Baltierra v. State*, 586 S.W.2d 553, 558 (Tex.Crim.App.1979); *Cantu v. State*, 993 S.W.2d 712, 721 (Tex.App.—San Antonio 1999, pet. ref'd). The defendant's basic right to a fair trial, which is encompassed in the Due Process Clause of the Fourteenth Amendment to the United States Constitution, confers the same right. *Kan v. State*, 4 S.W.3d 38, 41 (Tex.App.—San Antonio 1999, no pet.) (citing *Pate v. Robinson*, 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (conviction of accused person while he is legally incompetent, and therefore unable to understand trial proceedings, violates due process guarantees)).

These rights are reflected in Article 38.30(a) of the Texas Code of Criminal Procedure, which provides:

When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him.

TEX.CODE CRIM. PROC. ANN. art. 38.30(a) (Vernon Supp.2001). However, the accused waives his right to complain about the lack of an interpreter if he does not object or file a motion for an interpreter, unless the trial court is aware that the defendant requires an interpreter. *Baltierra*, 586 S.W.2d at 558; *Cantu*, 993 S.W.2d at 721. The onus is on the trial court to inquire whether the accused's rights would be safeguarded in the absence of an interpreter when the ability of the defendant to speak and understand English is raised to some extent. *Baltierra*, 586 S.W.2d at 559 n. 9; *Cantu*, 993 S.W.2d at 721.

■ Garnica contends his motion for appointment of an interpreter at his trial was sufficient to act as a request for an interpreter at his revocation hearing. However, his motion was filed over four years before the revocation hearing. Under these circumstances, Garnica was required to reurge his motion or otherwise bring it to the trial court's attention at the revocation hearing.

■ Garnica also contends the trial court was on notice that he needed an interpreter because (1) the record contained the previous order appointing an interpreter and a docket sheet entry noting that order, and (2) the trial judge who received his guilty plea also presided at his revocation hearing. However, the fact that the record contained the trial court's order and the fact that the same trial judge presided at Garnica's trial and his revocation hearing is insufficient under these facts to make the trial court aware that Garnica required an interpreter. Trial judges hear numerous cases and do not always have the opportunity to review in detail the record from each case. They rely, justifiably, on the parties and their attorneys to raise important issues in the course of these proceedings. Here, Garnica had the same attorney at his revocation proceeding as he did at his trial. Counsel could easily have brought the trial court's previous order to the court's attention had he decided it was necessary.

Further, the record from the revocation hearing reveals nothing that would put the trial court on notice that Garnica needed an interpreter. The record shows the trial court conducted an extensive discussion with Garnica about his decision to plead true to the State's allegations. The following exchange is an example of the trial court's inquiries and Garnica's responses:

THE COURT: What is your true and correct name?

THE DEFENDANT: Victor Fidel Garnica.

THE COURT: How old are you, sir?

THE DEFENDANT: Thirty-eight.

THE COURT: How far did you go in school?

THE DEFENDANT: Not much. Six years in Mexico.

THE COURT: Are you able to read and write?

THE DEFENDANT: Well, not writing, just reading a little bit. Not much.

THE COURT: Do you understand the English language?

THE DEFENDANT: Yes, a little.

THE COURT: Do you have any history of insanity?

THE DEFENDANT: No.

THE COURT: Ever been confined to a mental institution or under the care of a psychiatrist for mental problems?

THE DEFENDANT: No.

THE COURT: Do you know where you are right now?

THE DEFENDANT: Yes.

THE COURT: Where?

THE DEFENDANT: Court.

THE COURT: Doing what?

THE DEFENDANT: I'm in court.

THE COURT: What are you in court for?

THE DEFENDANT: Charges of violation of probation.

THE COURT: For what?

THE DEFENDANT: Violation of probation.

The record also shows that Garnica testified at the revocation hearing concerning his reasons for returning to Mexico while he was on community supervision. To each question from his attorney and from the State, Garnica responded clearly and without any recorded hesitation. Moreover, his answers were responsive to the questions asked, as neither his attorney nor the State's attorney had to repeat or rephrase any questions for clarification.

The record shows that Garnica entered a knowing and voluntary plea of true to the State's allegations at his revocation hearing. The trial court conducted a thorough examination of Garnica to determine his competence to enter his plea.

The judgment is affirmed.