PD-0326-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/8/2015 11:54:37 AM
Accepted 4/15/2015 11:27:52 AM
ABEL ACOSTA
CLERK

*Oral argument requested*

**PD-0326-15**

IN THE TEXAS COURT OF CRIMINAL APPEALS

---

# MARCUS EDWARD CLICK
*APPELLANT*

vs.

# THE STATE OF TEXAS
*APPELLEE*

---

FROM THE SECOND COURT OF APPEALS
CAUSE NO. 02-14-00247-CR

APPEAL FROM THE 355TH DISTRICT COURT
OF HOOD COUNTY, CAUSE NO. CR12270

---

# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

GARY UDASHEN
State Bar No. 20369590
gau@sualaw.com

ROBERT N. UDASHEN, P.C.
State Bar No. 20369600
rnu@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)
*Counsel for Appellant*

FILED IN
COURT OF CRIMINAL APPEALS

April 15, 2015

ABEL ACOSTA, CLERK

## **Ground for Review**

Whether an admonishment as to the punishment range to which a defendant is subject as a consequence of his plea of true to motion to revoke probation is constitutionally required

# Table of Contents

Ground for Review ................................................................................. 2

Index of Authorities ............................................................................ 4

Identity of Parties and Counsel ................................................... 6

Statement Regarding Oral Argument ........................................ 7

Statement of the Case and Procedural History ....................... 8

Argument ............................................................................................. 9

    An admonishment as to the punishment range to which a defendant is subject as a consequence of his plea of true to motion to revoke probation is constitutionally required ................................... 9

    I.  The court of appeals's error ......................................... 9

    II.  The constitution requires admonishment as to the range of punishment to which one is subject before pleading ...................... 12

    III. Relief requested .................................................................... 18

Prayer .................................................................................................. 20

Certificate of Service ..................................................................... 22

Certificate of Compliance .............................................................. 22

Appendix ............................................................................................ 23

# Index of Authorities

**Cases**

*Aguirre-Mata v. State*, 125 S.W.3d 473, 478 (Tex. Crim. App. 2003) ............................................................................................... passim

*Aguirre–Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999) ............................................................................................... passim

*Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007) ................ 19

*Boykin v. Alabama*, 395 U.S. 238, 242 (1969) ................................. passim

*Brady v. United States*, 397 U.S. 742, 749 (1970) .................................... 13

*Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997) ............... 13, 14, 17

*Carranza v. State*, 980 S.W.2d 653 (Tex. Crim. App. 1998) ............. 15, 17

*Click v. State*, No. 02-14-00247-CR, 2015 WL 831993, at *1 (Tex. App.—Fort Worth Feb. 26, 2015). ........................................................... 10, 12

*Ex parte McAtee*, 599 S.W.2d 335 (Tex. Crim. App. 1980) ..................... 13

*Fuller v. State*, 576 S.W.2d 856 (Tex. Crim. App. 1979) ......................... 14

*Garnica v. State*, 53 S.W.3d 457, 460 (Tex. App.—Texarkana 2001, no pet.) ..................................................................................................... 12

*Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003) ...... 11

*High v. State*, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998) ................... 15

*LeBlanc v. State*, 768 S.W.2d 881, 882 (Tex. App.—Beaumont 1989, no pet.) ..................................................................................................... 12

*Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996) ................... 14

*McCarthy v. United States*, 394 U.S. 459 (1969) ........................ 15, 17, 18

*McDade v. State*, 562 S.W.2d 487 (Tex. Crim. App. 1978) ..................... 14

*Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.–Fort Worth 2004) .......... 12

*Southwick v. State*, 701 S.W.2d 927, 929 (Tex. App.–Houston [1st Dist.] 1985, no pet.) ..................................................................................... 12

*Stewart v. State*, 580 S.W.2d 594 (Tex. Crim. App. 1979) ...................... 14

*Weekley v. State*, 594 S.W.2d 96 (Tex. Crim. App. 1980) ....................... 13

*Whitten v. State*, 587 S.W.2d 156 (Tex. Crim. App. 1979) ..................... 14

*Williams v. State*, 415 S.W.2d 917 (Tex. Crim. App. 1967) .................... 14

*Wright v. State*, 499 S.W.2d 326 (Tex. Crim. App. 1973) ....................... 14

**Statutes**

TEX. CODE CRIM. PROC. art. 26.13(a)(1) ................................................... 11

TEX. PEN. CODE § 49.08 .......................................................................... 8

## Rules

TEX. R. APP. P. 66.3 ................................................................................ 20

## Identity of Parties and Counsel

For Appellant Marcus Edward Click:

> RICHARD HATTOX
> *Trial counsel of record*
> 201 East Bridge Street
> Granbury, TX 76048
>
> GARY A. UDASHEN
> ROBERT N. UDASHEN
> BRETT ORDIWAY
> *Appellate counsel of record*
> SORRELS, UDASHEN & ANTON
> 2311 Cedar Springs Suite 250
> Dallas, Texas 75201

For Appellee the State of Texas:

> ROBERT CHRISTIAN
> PATRICK BERRY
> MEGAN CHALIFOUX
> *Trial counsel of record*
> HOOD COUNTY DISTRICT ATTORNEY'S OFFICE
> 1200 W. Pearl Street
> Granbury, Texas 76048
>
> MEGAN CHALIFOUX
> *Appellate counsel of record*
> HOOD COUNTY DISTRICT ATTORNEY'S OFFICE

Trial court:

> THE HONORABLE RALPH H. WALTON
> 355TH DISTRICT COURT, HOOD COUNTY

## Statement Regarding Oral Argument

This petition asks this Court to overrule its precedent. Click believes oral argument would be helpful to this Court's understanding of why.

## Statement of the Case and Procedural History

Click was indicted for, and then convicted by a jury of, intoxication manslaughter. *See* TEX. PEN. CODE § 49.08; (CR: 8, 34). On May 24, 2013, the jury assessed his punishment at 10 years' imprisonment, suspended pending 10 years' community supervision. (CR: 34; RR4: 52).

On April 10, 2014, the State filed a motion to revoke Click's probation. (CR: 46). The State alleged that Click had violated the terms and conditions of his probation by "fail[ing] to abstain from the use of alcohol." (CR: 46). At a bench trial on May 27, 2014, Click pleaded true to the allegation. (RR5: 5). The State presented testimony from Click's probation supervisor that Click had admitted drinking a glass of champagne at a party. (RR5: 6, 15). Click waived his constitutional right against self-incrimination and admitted as much, as well, imploring the court that he had a drinking problem and to sentence him to a treatment program. (RR5: 48-49, 51-53, 60, 62). The court sentenced Click to ten years' imprisonment. (RR5: 70).

## Argument

An admonishment as to the punishment range to which a defendant is subject as a consequence of his plea of true to motion to revoke probation is constitutionally required

◆　◆　◆

## I.  The court of appeals's error

Immediately after beginning the bench trial on the State's motion to revoke Click's probation, the trial court demanded Click enter a plea to the State's accusation:

| | |
|---|---|
| The court: | Read the motion to revoke probation, please. |
| Counsel: | We do waive the reading of the motion, Your Honor. |
| Prosecutor: | Your Honor, with—with that, if I could read just paragraph two, Roman numeral two? |
| The court: | Yes, sir. I will allow you to waive reading, counsel, but I will require the reading of the allegations as contained in paragraph Roman numeral two. |
| Prosecutor: | May I proceed? |
| The court: | Yes, sir. |
| Prosecutor: | Okay. Paragraph two. (State's motion read). |

| | |
|---|---|
| The court: | Sir, how did you plead to that allegation, true or not true? |
| Click: | True, Your Honor. |
| Prosecutor: | Subparagraph B. (State's motion read) |
| The court: | Sir, how do you plead to that allegation, true or not true? |
| Click: | True, Your Honor. |
| The court: | All right. Be seated. |

(RR5: 4-5). The court never admonished Click as to the punishment range to which he would be subjected as a consequence of his plea.

Accordingly, on appeal Click "argue[d] that the trial court erred by failing to admonish him about the range of punishment to which he was subject as a result of pleading true to the allegation in the State's motion, analogizing this to a failure to admonish a defendant who pleads guilty about the range of punishment to which he will be subjected during a trial's punishment phase." *Click v. State*, No. 02-14-00247-CR, 2015 WL 831993, at *1 (Tex. App.—Fort Worth Feb. 26, 2015). Click conceded that this Court has held that trial courts are only required to admonish defendants of as much before pleading guilty to felony offenses, not before pleading guilty to misdemeanor offenses, or before plead-

10

ing true in a revocation of community supervision proceeding. *Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003). Though, in each circumstance, "[i]gnorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality," and "[s]everal federal constitutional rights are involved in a waiver,"[1] this Court distinguished between the circumstances under the belief that the admonishment is not constitutionally required, but is instead a statutorily enacted gift to Texas defendants. *See Aguirre–Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999) (citing TEX. CODE CRIM. PROC. art. 26.13(a)(1)). And because "[t]he statutes governing probation do not make reference to article 26.13," this Court reasoned, the admonitions contained therein are thus not required in revocation cases. *Gutierrez*, 108 S.W.3d at 309. But Click urged the court of appeals that this Court was wrong. An admonishment as to the punishment range to which a defendant is subject as a consequence of his plea *is* constitutionally required—article 26.13(a)(1) is simply a codification of that requirement.

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (reversible error where record did not disclose that defendant voluntarily and understandingly entered his pleas of guilty).

11

The court "decline[d] Click's invitation to contradict [this Court's] precedent." *Click*, 2015 WL 831993 at *1 (citing *Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.–Fort Worth 2004) (op. on reh'g) (stating that this court "is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule" it), aff'd, 218 S.W.3d 85 (Tex. Crim. App. 2007); *Southwick v. State*, 701 S.W.2d 927, 929 (Tex. App.–Houston [1st Dist.] 1985, no pet.) ("The Court of Criminal Appeals is the highest tribunal on matters pertaining to the enforcement of criminal laws, and when it has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation.").

## II. The constitution requires admonishment as to the range of punishment to which one is subject before pleading

For a plea to be valid, it must be voluntary. *Boykin*, 395 U.S. at 241 ("It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary."); *Garnica v. State*, 53 S.W.3d 457, 460 (Tex. App.—Texarkana 2001, no pet.) (recognizing that a plea of true to probation violation allegations must be voluntary); *LeBlanc v. State*, 768 S.W.2d 881, 882 (Tex. App.—Beaumont 1989, no pet.) (same). And

only a defendant who knows and appreciates the extreme consequences his plea may entail can make a free and voluntary plea. *Brady v. United States*, 397 U.S. 742, 749 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").

This Court once recognized that the trial judge thus has a constitutionally required duty to see that a defendant understands the consequences of pleading guilty. *See Whitten v. State*, 587 S.W.2d 156, 158 (Tex. Crim. App. 1979) ("An affirmative showing of such knowledge is constitutionally required as well." (citing *Boykin*, 395 U.S. 238)), *overruled by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). In fact, "[b]eginning as early as the 1960's, this Court held that the failure to properly admonish a defendant of the consequences of his guilty plea by failing to advise him of the sentencing range was ground for automatic reversal without regard to harm." *Aguirre-Mata v. State*, 125 S.W.3d 473, 478 (Tex. Crim. App. 2003) (Johnson, J., dissenting) (citing, e.g., *Weekley v. State*, 594 S.W.2d 96 (Tex. Crim. App. 1980); *Ex parte McAtee*, 599 S.W.2d 335 (Tex. Crim. App. 1980); *Whitten v. State*, 587

S.W.2d 156 (Tex. Crim. App. 1979); *Fuller v. State*, 576 S.W.2d 856 (Tex. Crim. App. 1979); *Stewart v. State*, 580 S.W.2d 594 (Tex. Crim. App. 1979); *McDade v. State*, 562 S.W.2d 487 (Tex. Crim. App. 1978); *Wright v. State*, 499 S.W.2d 326 (Tex. Crim. App. 1973); *Williams v. State*, 415 S.W.2d 917 (Tex. Crim. App. 1967)). And "[t]he rationale behind these holdings was to insure that a defendant entered a plea with full knowledge of its consequences, as required by the United States Supreme Court in *Boykin*." *Id.*

This Court abandoned that holding, though—determining that admonishments were only statutorily required—in its 1999 opinion in *Aguirre–Mata*, 992 S.W.2d at 499. *Aguirre-Mata* was the end result of a trend that began in 1997 when this Court decided *Cain*, 947 S.W.2d 262. As Judge Johnson later explained when *Aguirre-Mata* came back before this Court:

> *Cain* raised the issue of a trial court's failure to admonish a defendant about the deportation consequences of a guilty plea, as required by art. 26.13(a)(4). Here, we recognized that substantial compliance had sometimes been used as a rough replacement for a harmless error analysis, when that was really not its purpose. *Cain*, 947 S.W.2d at 264. We then went on to cite *Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996), in which a plurality of this Court held that all errors, including a failure to admonish under art. 26.13(a)(4), are subject to a harmless error analysis. *Id.* The

14

majority in *Cain* took *Matchett*'s holding regarding art. 26.13(a)(4) and expanded it to hold that "except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Id.*

Using *Cain* as authority, we began to hold for the first time that a complete failure to comply with art. 26.13(a)(1) was subject to a harm analysis. In 1998, we held that the First Court of Appeals erred by holding that the complete failure to admonish a defendant under art. 26.13(a)(1) is automatic reversible error, without regard to harm. *High v. State*, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998). After *High*, we decided *Carranza v. State*, 980 S.W.2d 653 (Tex. Crim. App. 1998). Here, in an effort to reconcile all of our previous case law and to create a workable test, we analyzed sections (1)-(5) of art. 26.13(a) as a whole. *Carranza*, 980 S.W.2d at 656. Applying *McCarthy v. United States*, 394 U.S. 459 (1969), we held that the purpose and function of art. 26.13(a) is to ensure that only a constitutionally valid plea is entered and accepted by the trial court, but that art. 26.13(a) itself is statutory and does not implicate constitutional protections. *Carranza*, at 656. We went on to hold that the failure of the trial court to admonish a defendant regarding his deportation status was non-constitutional error and was, therefore, subject to a harm analysis under Rule 44.2(b). *Id.* at 658.

*Aguirre-Mata*, 125 S.W.3d at 481 (Johnson, J., dissenting). From that, this Court's original *Aguirre-Mata* opinion then held that, even though the trial court completely failed to admonish the appellant as required by art. 26.13(a)(1), the error was subject to a harm analysis. *Aguirre–Mata*, 992 S.W.2d at 499. This Court then "said that under *Carranza*,

15

the error should be reviewed under Rule 44.2(b); the admonishments embodied in art. 26.13(a)(1) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered." *Aguirre–Mata,* 125 S.W.3d at 481 (Johnson, J., dissenting) (citing *Aguirre-Mata,* 992 S.W.2d at 499).

As Judges Johnson and Price recognized when *Aguirre-Mata* was back before the Court four years later, however, "several flaws appear[ed] in [this Court's] reasoning" in its original opinion. *Id.* at 481 (Johnson, J., dissenting). "First, and most importantly, [this Court's] holding is contrary to the constitutional law of the United States as required by *Boykin v. Alabama.*" *Id.* (Johnson, J., dissenting). In that case, "the Supreme Court held that the voluntariness of a plea must appear on the face of the record or a reversal is required," and the defendant must be shown to have "a full understanding of what the plea connotes and of its consequence." *Id.* (Johnson, J., dissenting) (citing *Boykin,* 395 U.S. at 244).

Second, the authority cited in this Court's initial review of *Aguirre-Mata* concerned solely the failure to admonish of possible deporta-

16

tion, and those cases are not controlling on the issue of failure to admonish as to sentence ranges:

> In *Carranza*, we used language that implied that all admonishments under art. 26.13(a) are the same. *Carranza*, at 656. I do not believe that this implication is correct; some of the admonishments included in art. 26.13(a) are constitutionally required and some are not. Texas has imposed the statutory requirement that a trial court admonish a defendant of the possible deportation consequences through art. 26.13(a)(4), but there is no similar federal or state constitutional right to such admonishment. Error under art. 26.13(a)(4) is, therefore, purely statutory and subject to analysis under Rule 44.2(b). However, as I understand the law, the right to know the range of punishment under art. 26.13(a)(1) is constitutional, and it was improper to apply *Cain* and *Carranza* to the constitutional due-process violations of art. 26.13(a)(1).

*Aguirre-Mata*, 125 S.W.3d at 481 (Johnson, J., dissenting). Again, "[u]nder *Boykin*, 395 U.S. at 244 n. 7, admonishment as to the range of punishment impacts the voluntariness of a plea and thereby implicates the due-process clause. There is no similar constitutional right to be admonished as to possible deportation." *Id.* (Johnson, J., dissenting).

Third, this Court's prior holding relied upon *McCarthy*, 394 U.S. 459, "for the proposition that a plea admonishment itself is not constitutionally required, but is there merely to aid the trial court." *Id.* at 482 (Johnson, J., dissenting) (citing *Aguirre–Mata*, 992 S.W.2d at 498; *Carranza*, 980 S.W.2d at 656). But *McCarthy* addressed Federal Rule of

17

Criminal Procedure Rule 11, not a constitutional issue, and the Supreme Court specifically stated that it's opinion did "not reach any of the constitutional arguments petitioner urges." *McCarthy*, 394 U.S. at 464. In speaking of the voluntariness of a plea, though, *McCarthy* explicitly invoked the due-process clause of the United States Constitution. *Id.* at 466. And, of course, "[t]wo months after *McCarthy*, the Supreme Court decided *Boykin* and held that failure to establish the voluntariness of a plea was constitutional error. *McCarthy*, therefore, cannot control violations of art. 26.13(a)(1)." *Aguirre-Mata*, 125 S.W.3d at 482 (Johnson, J., dissenting).

For all these reasons, this Court was wrong to overrule its original holding: it was constitutional error to fail to admonish a defendant as to the range of punishment to which he was subject by pleading guilty. *Aguirre–Mata*, 125 S.W.3d at 483 (Johnson, J., dissenting).

## III.   Relief requested

Click thus respectfully requests this Court to grant this petition so that it may (1) overrule *Aguirre-Mata* and its progeny and restore that holding. Further, because, again, whether pleading guilty to a felony or misdemeanor, or true to a probation violation allegation, "[i]gnorance,

18

incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality," and "[s]everal federal constitutional rights are involved in a waiver,"[2] (2) Click respectfully requests this Court to hold that that his constitutional rights were violated when the trial court in this case failed to admonish him as to the range of punishment to which he was subject as a result of his plea of true. That the statutes governing probation do not make reference to article 26.13 of the Code of Criminal Procedure is irrelevant. And for the same reason, (3) Click respectfully requests this Court to hold that his failure to object to the lack of admonishment does not preclude this Court's review. A defendant's right to be properly admonished is a waivable-only right, and errors may be raised for the first time on appeal if the complaint is that the appellant was denied a waivable-only right that he did not waive. *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). Finally, should this Court do so, (4) Click respectfully requests it to then remand this case to the court of appeals to analyze whether the trial court's infringement of Click's constitution-

---

[2] *Boykin*, 395 U.S. at 242 (reversible error where record did not disclose that defendant voluntarily and understandingly entered his pleas of guilty).

19

al rights was "structural," and therefore immune from a harmless error analysis, or whether it is the type of constitutional error governed by Rule of Appellate Procedure 44.2(a).

## Prayer

Accordingly, because admonishment as to the punishment range to which a defendant is subject as a consequence of his plea is constitutionally required, Click respectfully requests this Court to grant this petition and consider this important question of federal constitutional law. *See* TEX. R. APP. P. 66.3(c) ("While neither controlling nor fully measuring the Court of Criminal Appeals' discretion," this Court will consider "whether a court of appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States" in deciding whether to grant discretionary review).

Respectfully submitted,

/s/ Gary A. Udashen
Gary A. Udashen
State Bar No. 20369590
gau@sualaw.com

20

_____/s/ Robert N. Udashen_____
ROBERT N. UDASHEN, P.C.
State Bar No. 01274700
rnu@sualaw.com


_____/s/ Brett Ordiway_____
BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Attorneys for Appellant*

**Certificate of Service**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review was electronically served to the Hood County District Attorney's Office on April 8, 2015.


        /s/ Gary A. Udashen
Gary A. Udashen




**Certificate of Compliance**

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this petition contains 2,509 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.


        /s/ Gary A. Udashen
Gary A. Udashen

# Appendix



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00247-CR

MARCUS EDWARD CLICK                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
## TRIAL COURT NO. CR12270

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, appellant Marcus Edward Click appeals the trial court's judgment revoking his community supervision and sentencing him to ten years' confinement. We will affirm.

Click pleaded guilty to intoxication manslaughter, a second-degree felony, and a jury assessed his punishment at ten years' confinement and a $10,000 fine; the trial court then suspended imposition of the sentence of confinement

----------

[1]*See* Tex. R. App. P. 47.4.

based on the jury's recommendation and placed Click on ten years' community supervision. *See* Tex. Penal Code Ann. § 49.08 (West 2011); *see also id.* § 12.33 (West 2011) (stating that the punishment range for a second-degree felony is two to twenty years' confinement and may include a fine not to exceed $10,000). Around a year later, the State filed a motion to revoke Click's community supervision, alleging that Click had failed to abstain from using alcohol. Click pleaded true to the allegation, and the trial court revoked his community supervision "based upon [his] plea and the evidence presented" and imposed the original ten-year sentence and $10,000 fine.

Click argues that the trial court erred by failing to admonish him about the range of punishment to which he was subject as a result of pleading true to the allegation in the State's motion, analogizing this to a failure to admonish a defendant who pleads guilty about the range of punishment to which he will be subjected during a trial's punishment phase. However, Click acknowledges that in *Gutierrez v. State*, the court of criminal appeals held that a trial court is only required to admonish a defendant of the punishment range before he or she pleads guilty to a felony offense and not before he or she pleads true in a revocation proceeding. 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) ("[I]n the context of revocation proceedings, the legislature . . . has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to 26.13."); *see also Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003) (stating that *Boykin v. Alabama*, 395 U.S. 238, 89

S. Ct. 1709 (1969), "clearly did not hold that due process requires the equivalent of the Article 26.13(a) admonishments or an admonishment on the range of punishment" to a defendant pleading guilty); *cf.* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West 2009 & Supp. 2014) (stating that before a trial court accepts a guilty plea or plea of nolo contendere, it shall admonish the defendant of the range of punishment attached to the offense).

We decline Click's invitation to contradict the court of criminal appeals's precedent; therefore, we overrule his sole issue and affirm the trial court's judgment. *See, e.g.*, *Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004) (op. on reh'g) (stating that this court "is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule" it), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007); *Southwick v. State*, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no pet.) ("The Court of Criminal Appeals is the highest tribunal on matters pertaining to the enforcement of criminal laws, and when it has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation.").

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 26, 2015