

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00071-CR

_____


EBER CASTRO MORALES, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 45158-A


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

Eber Castro Morales entered an open plea of guilty to aggravated sexual assault of a child. The trial court convicted Morales of the offense, and he was sentenced to life imprisonment. Although an interpreter was provided for Morales, a citizen of Guatemala, during both a hearing in which he waived his right to a jury trial and a status hearing, Morales appeals his conviction on the ground that the trial court erred in failing to provide an interpreter for a status hearing. Morales also argues, and the State concedes, that the trial court's judgment contained language that could allow him to later petition the court for an exemption of certain sex-offender registration requirements, under Article 42.017 of the Texas Code of Criminal Procedure, based on a mistaken finding that Morales was under the age of nineteen.

Because the appellate record demonstrates that Morales understood and spoke English, we find no error in the trial court's failure to make a sua sponte appointment of an interpreter for Morales during the status hearing. However, because we determine that the record affirmatively establishes that Morales was thirty-three years old at the time of the offense, we modify the trial court's judgment to delete its Article 42.017 finding and affirm the judgment, as modified.

## I.      Failure to Provide An Interpreter During A Status Hearing Was Not Erroneous

"The right of a non-English speaking person to the assistance of an interpreter during trial proceedings is guaranteed by the Confrontation Clause of the Sixth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment, [and] article I, section 10 of the Texas Constitution." *Pineda v. State*, 176 S.W.3d 244, 247 (Tex. App.—Texarkana 2004, pet. ref'd) (citing *Baltierra v. State*, 586 S.W.2d 553, 558 (Tex. Crim. App. 1979); *Garnica*

*v. State*, 53 S.W.3d 457, 458 (Tex. App.—Texarkana 2001, no pet.)). Consequently, Article 38.30(a) of the Texas Code of Criminal Procedure provides:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness.

TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (West Supp. 2016).

Morales never filed a motion for an interpreter for the status hearing, and he did not request an interpreter during the hearing. However, the Court of Criminal Appeals has held that a defendant's right to an interpreter must be implemented unless expressly waived if the trial judge is aware that the defendant has difficulty understanding the English language. *Garcia v. State*, 149 S.W.3d 135, 144–45 (Tex. Crim. App. 2004). "The judge may become aware of the defendant's language problem either by being informed of it by one or both parties or by noticing the problem *sua sponte*." *Id*. at 145. Thus, "[t]he onus is on the trial court to inquire whether the accused's rights would be safeguarded in the absence of an interpreter when the ability of the defendant to speak and understand English is raised to some extent." *Garnica*, 53 S.W.3d at 459. But, when the record reveals "nothing that would put the trial court on notice that [the defendant] needed an interpreter," a trial court does not err in failing to appoint one. *Id.*; *see Mares v. State*, 636 S.W.2d 627, 631 (Tex. App.—San Antonio 1982, pet. ref'd).

"[T]he mere fact that an accused may be more fluent in [another language] does not, in and of itself, make it incumbent upon a trial court to appoint an interpreter for an accused who speaks and understands the English language." *Abdygapparova v. State*, 243 S.W.3d 191, 201 (Tex. App.—San Antonio 2007, pet. ref'd) (quoting *Flores v. State*, 509 S.W.2d 580, 581 (Tex. Crim.

3

App. 1974)). Without question, there was evidence that Morales was capable of communicating in English.

During the status hearing, Morales answered several of the trial court's questions in English and informed the trial court that he wanted to fire his attorney. At the plea hearing, Morales' attorney told the trial court that Morales was able to communicate with him. Significantly, the State admitted an audio/video recording of Morales' interview with Debra Stiles, a detective with the Longview Police Department. The interview was conducted entirely in English. During the fifty-minute interview, Morales demonstrated that he was able to communicate in English fluently.[1]

"In the absence of facts to show that appellant could not understand English," there is no error in the trial court's failure to appoint an interpreter. *Vasquez v. State*, 819 S.W.2d 932, 937–38 (Tex. App.—Corpus Christi 1991, pet. ref'd); *see Diaz v. State*, 491 S.W.2d 166, 168 (Tex. Crim. App. 1973); *Vargas v. State*, 627 S.W.2d 785, 787 (Tex. App.—San Antonio 1982, no pet.) ("In the instant case, there is ample evidence that appellant understood and communicated in the English language reasonably well, and the mere fact that he might have been able to express himself a little better in Spanish did not require the use of an interpreter."). The record before this Court both demonstrates that Morales understood and spoke English and shows no specific example of misunderstanding or inability to employ the assistance of counsel in his defense. *See Frescas v. State*, 636 S.W.2d 516, 518 (Tex. App.—El Paso 1982, no pet.).

---

[1]The clerk's record contains a well-written letter, composed entirely in English, from Morales to the trial court. In a second letter, written after the status hearing, Morales informed the trial court that he did not understand or write English well and had asked someone to write the first letter for him. After receiving this letter, the trial court provided Morales with an interpreter.

In short, this record does not establish that the trial court was put on notice that Morales needed an interpreter prior to or at the status hearing or that Morales was so deficient in his capacity to understand and speak English that the absence of an interpreter during this hearing amounted to a denial of a fundamental constitutional right.[2]  We find no error in the trial court's failure to provide an interpreter during the status and waiver of jury trial hearings.  Consequently, we overrule Morales' first point of error.

## II.      The Judgment Is Modified to Delete the Article 42.017 Finding

Under Article 62.301 of the Texas Code of Criminal Procedure, at any time, a person required to register as a sex offender may petition the court for an exemption from sex-offender registration if he establishes his eligibility to do so.  TEX. CODE CRIM. PROC. ANN. art. 62.301(a) (West Supp. 2016).  As applicable to the facts of this case, a person is eligible to petition for an exemption from sex-offender registration if (1) the person is required to register only as a result of a single reportable conviction or adjudication and (2) the court has entered an affirmative finding described by Article 42.017.  TEX. CODE CRIM. PROC. ANN. art. 62.301(b) (West Supp. 2016).  Article 42.017 of the Texas Code of Criminal Procedure provides:

> In the trial of an offense under Section 21.11 or 22.011, Penal Code, the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that:
>
> (1) at the time of the offense, the defendant was not more than four years older than the victim or intended victim and the victim or intended victim was at least 15 years of age; and

---

[2]Further, during the plea hearing, Morales confirmed that his attorney and the court-provided interpreter explained the plea agreement to him and that he understood the nature and content of the documents when he signed them.  Morales further informed the trial court that he made the decision to plead guilty because he was, in fact, guilty of the offense.

5

(2) the conviction is based solely on the ages of the defendant and the victim or intended victim at the time of the offense.

TEX. CODE CRIM. PROC. ANN. art. 42.017(a) (West Supp. 2016).

The trial court's judgment contains the following language referencing Article 42.017:

The Court FINDS that at the time of the offense, Defendant was younger than nineteen (19) years of age and the victim was at least thirteen (13) years of age. The Court FURTHER FINDS that the conviction is based solely on the ages of Defendant and the victim or intended victim at the time of the offense. [TEX. CODE CRIM. PROC. ANN. art. 42.017].

Morales argues that this language should be deleted from the judgment because the record conclusively established that Morales was thirty-three years old at the time of the offense. The State concedes the error. We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see* TEX. R. APP. P. 43.2(b). Because we conclude that the language referencing Article 42.017 must be deleted from the judgment, we sustain Morales second point, although we note that the heading in the judgment under which the Article 42.017 language is contained—"LIFETIME REGISTRY AS A SEX OFFENDER"—must remain.

**III.  Conclusion**

We modify the trial court's judgment to remove the language referencing Article 42.017 and affirm the trial court's judgment, as modified.


Bailey C. Moseley
Justice

Date Submitted:     December 8, 2016
Date Decided:       February 1, 2017

Do Not Publish