**Ronald Paul LeBLANC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–004–CR.**

Court of Appeals of Texas,
Beaumont.

March 29, 1989.

Paul N. Buchanan, Beaumont, for appellant.

John R. DeWitt, Tom Maness, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

This Appellant was indicted for burglary of a building in October, 1978. He was later given a deferred adjudication probation which was revoked in March, 1986. This resulted in a probated sentence. In January, 1987, a motion to revoke probation was filed. On August 14, 1987, a hearing was conducted to hear a plea of "true" to counts one and three of the motion. On October 12, 1987, a hearing was conducted which sentenced Appellant to five years' confinement in the Texas Department of Corrections. The sole question involved here is whether the Appellant at the August 14, 1987 hearing was allowed by the trial court to withdraw his plea of "true" to counts one and three of the motion. We quote from the record of the hearing:

"THE COURT: The Court accepts the Defendant's plea of true to counts one and three in the motion to revoke probation. The Court will order an updated PSI report for October 12.

"MR. MILLER: Your Honor, at this point the State would, for purposes of the record, like to make it clear that any discussions of recommendations in this case are withdrawn and this plea is completely unagreed and that the State will make any recommendations it feels justified at any future date.

"THE COURT: Okay. What is your recommendation?

"MR. BUCHANAN: Your Honor, I don't see how they can do that now. They induced a plea with a recommendation and—

"THE COURT: Okay. Back up.

"Mr. LeBlanc, the State is now withdrawing any recommendation that they were making, therefore you have a right at this time to withdraw your plea and have a hearing or you can go ahead and go forward with your plea.

"MR. BUCHANAN: Well, Judge, if they are going to do that, I think they are doing it because of things they don't know rather than things they do know and I would like an opportunity to find out—I haven't had this done to me in 13 years. I don't appreciate it. I don't like it. I would like the opportunity to find out why it is being done to me. A deal has always been a deal since I have been practicing law. One gets yanked at the table, I want to know why.

"THE COURT: You understand, though, under the law there is no recommendations as far as binding in a revocation.

"MR. BUCHANAN: I know that, but I also feel like that is an important thing. It is one thing to have a recommendation and another thing to come up and say, Kings X, Judge, we really want to stick it to him. And I don't think that is appropriate without knowing it before

hand. I would like to, if at all possible, is to let him withdraw his plea and—this thing was set for an actual trial October 7th. What I would like to do is keep this date and allow him to withdraw his plea at that time if there was some problems.

"THE COURT: The Court will allow the Defendant to withdraw his plea of true to counts one and three. The Court previously had set a bond on this Defendant due to the fact he was going to plead true today. Therefore that bond is also revoked.

"Have a seat right over there.

"MR. BUCHANAN: Well—

"THE COURT: I mean, I am not going to allow myself to get caught up in this. That is the only reason I set the bond. And any gripe you got with them, go see Maness or the boss or whatever.

"MR. BUCHANAN: All right. Are you going to be around this morning

"THE COURT: Yes.

"(Hearing concluded)"

The State's position is that while the court gave the Appellant the *opportunity* to withdraw his plea of "true", he never availed himself of the opportunity. We can find no cases where this situation is discussed. However, in *Crawford v. State,* 624 S.W.2d 906, 908–09 (Tex.Crim.App. 1981), we find the following language:

"In the trial court appellant presented a motion to suppress, which challenged the search warrant. After the trial court denied the motion to suppress, appellant entered a plea of true to the motion to revoke. In the previously withdrawn per curiam opinion the court held that appellant's grounds of error challenging the search warrant presented no error because the order revoking probation was based on the plea of true, not on the fruits of the search. On rehearing appellant asserts his plea was entered on condition that he be allowed to appeal the ruling on the motion to suppress. The record of the proceedings in the trial court supports this factual assertion. In view of the holding on original submission that the ruling on the motion to suppress could not be raised on appeal,

appellant now argues his plea of true was not knowingly and voluntarily entered and that he was denied due process.

"The State contends the issue may not be raised for the first time on rehearing. *Mooney v. State,* 615 S.W.2d 776 (Tex.Cr. App.1981), is contrary to the State's position:

"'In *Wooten v. State,* 612 S.W.2d 561, 563 (Tex.Cr.App.[1981]) we held:

"'"If the plea was entered with such an agreement or understanding that the merits of the motion would be preserved for appeal, *then the trial court was not authorized by State law to accept such a plea.... As a matter of constitutional law* a guilty plea cannot be said to have been voluntary if it was induced by an agreement approved by the court that a question could be appealed when that agreement could not be fulfilled." (Emphasis added.)

"'Because the trial court lacked authority to accept Dean Mooney's conditional plea, the conviction must be set aside even though the issue was not raised in appellant's brief. *Killebrew v. State,* 464 S.W.2d 838 (Tex.Cr. App.[1971]). Furthermore, since the plea was involuntary as a matter of constitutional law, *Wooten,* supra, the conviction violates due process and would be subject to collateral attack. *See Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).'"

While this is not our case here, we take it that the Appellant's plea of "true" must be unequivocally voluntary. With no criticism of the trial court or the State's argument, there is enough question involved here to give Appellant the benefit of the doubt. We, therefore, reverse the sentence of October 12, 1987, and remand the case for a rehearing.

REVERSED AND REMANDED.