NO. 07-08-0303-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 8, 2009
_____

AARON R. DIAL,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413,416; HON. CECIL PURYEAR, PRESIDING
_____

*On Motion for Rehearing*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is appellant's motion for rehearing. We grant the motion for rehearing, withdraw the original opinion and judgment issued on March 24, 2009, and substitute this opinion for the one we previously issued.

Aaron R. Dial appeals a judgment revoking his probation and sentencing him to two years confinement in a state jail facility for the offense of possession of a controlled substance. Through two complaints, he apparently argues that 1) the trial court erred in

failing to conduct an investigation into whether his plea of guilty to the original offense was voluntary, and 2) the trial court relied upon illegally obtained evidence in finding that appellant failed to identify himself to a police officer.  We affirm the judgment.

*Issue One – Investigating Voluntariness of Guilty Plea*

In a rather rambling discourse, appellant complains about the voluntariness of his guilty plea which resulted in the trial court's decision to revoke his community supervision. We are unsure of whether he contends that the plea was involuntary, that he should have been entitled to withdraw his plea, or that the trial court failed to inquire into the voluntariness of his prior plea at the subsequent revocation hearing.[1]  If it is the first, then we cannot consider the dispute via an appeal from an order revoking his community supervision.  *Jordan v. State*, 54 S.W.3d 783 (Tex. Crim. App. 2001) (affirming the appellate court's refusal to entertain claims regarding the voluntariness of the appellant's guilty plea because those claims should have been raised in an appeal from the imposition of community supervision).

If it is the second, then the claim was not preserved for appellant did not request leave to withdraw his plea from the trial court.  The Court of Criminal Appeals required as much in *Mendez v. State,* 138 S.W.3d 334, 350 (Tex. Crim. App. 2004).

---

[1]We would ask those appearing before this court to cautiously proofread their briefs for typographical errors, improper grammar, and questionable sentence structure.  So too would we ask them to note that the longer a sentence is, the more difficult it is for the reader to understand it.  Finally, it also would be wise to remember that the clarity of one's discourse is much more important than its length.

If it is the third, appellant's receipt of the statutory admonishments was prima facie evidence that his plea was knowing and voluntary.[2]  *See Brown v. State,* 11 S.W.3d 360, 362 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd) (holding that the receipt of statutory admonishments is prima facie evidence that the plea is knowing and voluntary).  Moreover, without citation to either evidence or authority suggesting that one's ingestion of cocaine alone impairs his ability to think rationally, perceive the circumstances before him or understand the consequences of his actions, we hesitate to impose on a trial judge the duty contemplated by appellant.  *See Villareal v. State,* 860 S.W.2d 529, 533 (Tex. App. –Corpus Christi 1993, pet. ref'd) (stating the trial court had no duty to *sua sponte* examine retrospectively the voluntariness of the defendant's guilty plea even though he was found incompetent at the adjudication hearing).

*Issue 2 - Illegal Detention*

Via his second issue, appellant attacks the trial court's finding that he failed to identify himself.  Purportedly, the evidence upon which the trial court relied was acquired through an illegal detention.  Be that as it may, we do not see how that changes the validity of the decision to revoke.  Appellant's failing to identify himself was only one of many grounds alleged by the State in support of its motion.  Moreover, appellant pled true to at least two grounds the validity of which had nothing to do with his misidentifying himself to a police officer.  So, even if we were to accept appellant's protestations about the supposed illegal detention and ignore that finding as a ground supporting revocation, nothing would change.  Simply put, the decision to revoke is supported by the other

---

[2]Though the appellate record does not contain a transcript of the original plea hearing, the written admonishments containing appellant's signature appears in the clerk's record.

findings about which he utters no complaint. *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (stating that only one ground can justify the trial court's decision to revoke community supervision).

Accordingly, we overrule each issue and affirm the judgment.

Brian Quinn
Chief Justice

Publish.