ACCEPTED
06-14-00177-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/12/2015 12:22:30 PM
DEBBIE AUTREY
CLERK

IN THE COURT OF APPEALS

SIXTH DISTRICT OF TEXAS

TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/12/2015 12:22:30 PM

DEBBIE AUTREY
Clerk

MARTIN LUTHER BURNS

    Appellant

Vs                                    06-14-00177-CR

THE STATE OF TEXAS

    Appellee

ON APPEAL FROM

THE 115TH JUDICIAL DISTRICT COURT

OF MARION COUNTY, TEXAS

TRIAL COURT NO. F12698

BRIEF OF BEHALF OF APPELLANT

TIM CONE

State Bar #04660350

P.O. Box 413

Gilmer, Texas  75644

(903) 725-6270

e-mail:  timcone6@aol.com

ATTORNEY FOR THE APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

MARTIN LUTHER BURNS TDCJ31956564

CLEMENTS UNIT TDCJ

9601 SPUR 591

AMARILLO, TEXAS 79107

APPELLANT

KURT M. NOELL

231 S. COLLEGE

TYLER, TEXAS 75702

APPELLANT'S COUNSEL AT TRIAL

ANGELA SMOAK

MARION COUNTY ATTORNEY

102 W. AUSTIN, ROOM 201

JEFFERSON, TEXAS 75657

APELLEE'S COUNSEL AT TRIAL

TIM CONE

P.O. BOX 413

GILMER, TEXAS  75644

APPELLANT'S COUNSEL ON APPEAL


 ANGELA SMOAK

MARION COUNTY ATTORNEY

102 W. AUSTIN, ROOM 201

JEFFERSON, TEXAS 75657

APPELLEE'S COUNSEL ON APPEAL

## **TABLE OF CONTENTS**

Page No.

List of Parties and Counsel…………………………………………………… 2,3

Table of Contents……………………………………………………… 4,5

Index of Authorities………………………………………………… 6

Statement of the Case………………………………………………. 7

Certificate of Counsel………………………………………………… 8

Professional Evaluation……………………………………………… 11

Statement of Facts………………………………………………… 9

Point of Error Number 1…………………………………………………. 12

     The trial court's sentence of fifty years confinement

       was excessive and disproportionate.

Conclusion and Prayer…………………………………………………… 13

Certificate of Compliance…………………………………………………. 14

Certificate of Service…………………………………………………… 14

Exhibit 1 – Letter to Client

## INDEX OF AUTHORITIES

Page No.

**U.S. SUPREME COURT CASES:**

Anders v. California, 386 U.S. 738, L.Ed. 2d 493, 87

S.Ct. 1396 (1967)……………………………………………..   8

**TEXAS CASES**:

Cole v. State, 578 SW 2d 127 (Tex.Crim.App. 1979)……………..   12

Grammer v. State, 294 SW 3d 182 (Tex.Crim.App.2009)……..   11

LeBlanc v. State, 768 SW 2d 881 (Tex.App.Beaumont 1989)..   12

NO. 06-14-00177-CR

IN THE

COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

MARTIN LUTHER BURNS

APPELLANT

VS.

THE STATE OF TEXAS

APPELLEE

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, the Appellant by and through his Attorney, namely Tim Cone, hereinafter referred to as Appellant, and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in Cause no. 06-14-00177-CRin the 115th District Court of Marion County, Texas, (Trial Court Cause No. F12698).

## STATEMENT OF THE CASE

On September 30, 2003, the Appellant was placed on a five year deferred adjudication community supervision (probation) for the offense of Aggravated

Kidnapping.CR4,28. The judgment, at one point on the first page indicated the probation was for three years but the body of the judgment showed the probation was for five years, as does the docket sheet.CR4,28. The probation was specifically shown by the record to be a non-reporting probation.Cr4,22. The requirement of community work service and probation fees were also waived.CR 22. The State filed a Motion to Adjudicate the probation on August 10, 2004. CR 31. The probation was amended on November 22,2004, to extend the probation for five more years from the original term and did include a reporting obligation. CR 33. On August 29, 2011, the State filed a Motion to Adjudicate setting out violations of the probation alleging the Appellant committed a new offense (Injury to a Child), and used cocaine. CR 34. The hearing on this motion was not held until September 22, 2014. 2 RR. After a hearing was held regarding a motion filed by Appellant's trial counsel seeking a dismissal of the State's motion, which was denied, the Appellant pled true to the State's allegations and the trial court adjudicated the Appellant guilty of the underlying charge and sentenced him to fifty (50) years confinement in prison. 2RR 23; 2RR 4,5 and CR 36.

For clarity, THE STATE OF TEXAS will be referred to as "the State", and MARTIN LUTHER BURNS will be referred to as "Defendant" or "Appellant."

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate required that I support my client's appeal to the best of my ability. Anders v. California, 386 U.S. 738, 18 L.Ed. 2d 493, 87 S.Ct. 1396(1967). I, Tim Cone, counsel of record on appeal for Appellant Martin Luther Burns, do hereby state that I have diligently searched the entire record in Cause No. F12698 including both the Clerk's Record and the Court

Reporter's Record in the 115th Judicial District Court of Marion County, Texas.  I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that no reversible error is reflected by the record.

I have caused a copy of the brief to be served by certified mail on the Appellant, accompanied by a letter informing the Appellant of his right to examine the entire appellate record for the purpose of filing a pro se brief.  A copy of this letter has been attached to this brief.

Witness my hand this 12th day of February, 2015.

/s/ Tim Cone

_____

Tim Cone

Court Appointed Attorney for the

Appellant, Martin Luther Burns

STATEMENT OF THE FACTS

The statement of facts related to the hearing on September 22, 2014, are not long but they clearly show that all the facts related to this matter were not

before the trial court. Unfortunately, this direct appeal is limited, by law, to the facts shown in this record. On the day of the hearing, the trial court heard a motion filed by Appellant's trial counsel to have the State's motion dismissed. CR 36; 2 RR 4,5. The basis of the Appellant's motion suggested that since the original judgment indicated, at one point, that the probation was to be for a three year term, the State's Motion to adjudicate was untimely filed. CR 36. While it is true that the original judgment did include language regarding a three year probation at one point on the first page, the same document showed the plea bargain was for a five year probation and the body of the judgment showed the term to be a five year probation. CR 28. Further, at the time of the extension and amendment of the probation terms on November 22, 2004, the document clearly indicated the original probation was for five years. CR 33. The trial court denied the Appellant's motion and proceeded with the hearing. CR 39; 2 RR 5. The trial court indicated the Appellant was subject to a sentence of up to confinement for life during the proceeding. 2 RR 10; See CR 24. The trial court explained the State's allegations and the Appellant pled true to both of them. 2 RR 7-9.

There was a discussion, on the record, that indicated that the State would recommend a sentence of twenty five years confinement if the Appellant waived any appeal. 2 RR 10. The Appellant then tried to explain that he was not guilty of the original charge (he had originally pled nolo contendre). CR 4,29; 2 RR 11. The trial court took the position that there would be no agreement as to punishment and proceeded with the hearing. 2 RR 12. The State originally indicated they would call no witnesses but then the probation officer, Tracy Smith, testified. 2 RR 12, 13. Ms. Smith indicated the Appellant had deceived her in that he wrote her several letters and did not indicate he was incarcerated when the letters were written. 2 RR 21. Although the record is not a model of clarity, it appears the Appellant received a deferred adjudication in Dallas County regarding the injury to a child allegation set out in the State's Motion to Adjudicate. 2 RR 17, 18. The Dallas County probation was revoked and the Appellant received a sentence of

five years confinement as a result. 2 RR 19. There is no mention of any missed reports or other violations and, of course, no such violation was set out in the State's motion. With no further evidence, the trial court adjudicated the Appellant guilty and assessed fifty years confinement in prison. 2 RR 23. It may not make any difference, but the docket sheet shows the number "40" scratched out and the number "50" written in its place. CR 5.

## PROFESSIONAL EVALUATION

Appellant's attorney has carefully reviewed the entire record in the case at bar. Simply stated, there is no valid arguable point of error in the case. The Appellant has raised one possible point of error but, based on the record in the case, the point is without merit, in the opinion of Appellant's attorney. This brief is especially troubling as there seemed to be a fair amount of misunderstanding on the Appellant's part regarding the admonishments by the trial court. For instance, when the trial court inquired about an agreed punishment (which, of course, the Court would not be bound by-anyway), the Appellant replied that he was not guilty of the crime of Aggravated Kidnapping. There is also no explanation why the State filed its motion in August, 2011, but no hearing was held until September, 2014. Since there was no objection to the time frame at trial, a point of error now would be fruitless. It is also somewhat disturbing that there was no separate hearing on punishment after the adjudication but the law does not require one be held and the Appellant did plead "true" to both allegations. Grammer v. State, 294 S.W.3d 182 (Tex.Crim.App. 2009). It is also troubling that although Appellant's trial counsel indicated he received 231 pages of record from presumably the Appellant's original attorney, there is no showing what, if anything, those records contained. 2 RR 6. Apparently, that attorney died before the hearing. 2 RR 6. It seems especially troubling that a case originally warranting a five year deferred adjudication without a reporting requirement, community work service requirement, or a probation fee requirement ended up warranting a fifty year prison sentence for an aggravated charge. There simply must be more to

the story but without any more than is in this record, an "Anders" brief seems the only viable option.

## POINT OF ERROR NUMBER ONE

The trial court's sentence of fifty years confinement was excessive and disproportionate.

## ARGUMENT

The reason this is an "Anders" brief is due to the simple fact that the Appellant voluntarily pled true to each allegation set out in the State's motion to adjudicate. It is extremely well established that a plea of true alone is sufficient for a finding of true in a Motion to revoke or adjudicate. Cole v. State, 578 S.W.2d 127 (Tex.Crim.App 1979); LeBlanc v. State, 768 S.W.2d 881 (Tex.App. Beaumont 1989). When a defendant pleads true (voluntarily) and the trial court assesses punishment within the range allowed by law (even the highest allowable range), there is nothing on which to base an appeal. That is exactly what occurred in the case at bar.

Further, although Appellant does now raise the issue of disproportionate sentence, no objection regarding the sentence was made at the trial court level. The law is quite clear on this issue that if the issue is not raised at the trial court level, it can not be raised on appeal. It just does not seem to make any sense that

a case that was so minor as to deserve a five year deferred adjudication (without many of the standard conditions) turned into a case that mandated a fifty year aggravated sentence. Appellant's attorney genuinely regrets not having more to argue in a case that seems somewhat unjust.

## CONCLUSION AND PRAYER

For the reasons stated herein, it is requested that the Court grant our Motion to Withdraw.

Respectfully submitted,

/s/Tim Cone

_____

TIM CONE

Attorney at Law

P.O. Box 413

Gilmer, Texas  75644

e-mail:  timcone6@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I certify the foregoing document complies with Texas Rule of Appellate Procedure, Rule 9 regarding length of documents, in that exclusive of caption, identities of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 1256 words.

/s/ Tim Cone

_____

Tim Cone

Attorney for Appellant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellant's Brief has been provided to the Honorable Angela Smoak, Marion County Attorney, 102 W. Austin,Room 201, Jefferson, Texas 75657, on this the 12th day of February, 2015.

/s/ Tim Cone

_____

TIM CONE

Attorney at Law

MARTIN LUTHER BURNS                    IN THE COURT OF APPEALS

     Appellant

Vs.                                    SIXTH DISTRICT OF TEXAS

THE STATE OF TEXAS                     TEXARKANA, TEXAS

     Appellee

**MOTION TO WITHDRAW**

TO THE HONORABLE JUDGE OF SAID COURT

     NOW COMES     Tim Cone the movant and court appointed attorney in the above entitled appeal, and files this motion to withdraw as attorney for the Appellant and in support of same would respectfully show the following:

I.

     Attached hereto and labeled Exhibit 1 the Appellant was proved a copy of the brief that has been filed in the above referenced matter on his behalf and a letter regarding his right to file a brief on his own behalf and the right to review the record.

II.

     That after an in depth and diligent review of the Clerk's Record and Reporter's Record, it is my professional opinion that no reversible error is reflected.

     WHEREFORE, PREMISES CONSIDERED, Attorney for the Appellant respectfully requests that he be permitted to withdraw as counsel in the above referenced matter.

     Respectfully submitted,

_/S/Tim Cone

_____

Tim Cone, Attorney at Law

P.O. Box 413

Gilmer, Texas  75644

e-mail:  timcone6@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion to Withdraw has been mailed to Martin Luther Burns, #131956564, Clements Unit TDCJ, 9601 Spur 591, Amarillo, Texas  79107, and to the Honorable Angela Smoak, Marion County Attorney, 102 W. Austin, Room 201, Jefferson, Texas, on the 12th day of February, 2015.

/s/ Tim Cone

_____

Tim Cone, Attorney at Law

EXHIBIT 1

February 12, 2015

Martin Luther Burns

Clements Unit, TDCJ

9601 Spur 591

Amarillo, TX  79107


Re:  Brief in Cause No. F12698



Dear Martin:

        Enclosed please find one copy of the brief that I have prepared and filed on your behalf in Cause No. F12698.  After a diligent search of both the record in your case and the applicable law, it is my opinion that no reversible error occurred at your trial.

        The law accords you the right to review the record of your trial and file any brief that you deem necessary on your own behalf.  This brief will then be submitted to the court of appeals along with the brief that I have filed.  I have enclosed a copy of the entire record in your case so that you can prepare your own brief, if you wish to do so.

Sincerely,

 /s/ Tim Cone

Tim Cone, Attorney at Law

TC/nc

Encl.

cc: Debra Autrey, Clerk

Court of Appeals

Sixth Appellate District