**MODIFY and AFFIRM; and Opinion Filed June 3, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00195-CR

### VINCENT BERNARD JENKINS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1153064-V**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Appellant Vincent Bernard Jenkins appeals from a judgment revoking his community supervision and sentencing him to ten years in prison for the offense of theft of property with a value of at least $1,500 but less than $20,000, a state jail felony with punishment enhanced to that of a third degree felony based on appellant's two prior convictions for other state jail felonies. In three issues on appeal appellant argues that (1) his plea of true to the State's motion to revoke was involuntary, (2) his sentence is illegal, and (3) his due-process rights were violated because the trial court failed to consider the full range of punishment. In a cross-point the State calls our attention to errors in the judgment adjudicating appellant's guilt and the judgment revoking his community supervision. We modify the judgment revoking appellant's community supervision to correct clerical errors and affirm the judgment as modified.

## BACKGROUND

After stealing a Chevy Tahoe and stripping it for parts, appellant was charged with theft of property with a value of at least $1,500 but less than $20,000. In July 2011 he entered an open plea of guilty to the charge and true to two enhancement paragraphs alleging two prior state jail felony convictions for burglary of a building. The trial court sentenced appellant to ten years in prison, but suspended the sentence and placed appellant on community supervision for a period of ten years. In September 2013 the State filed a motion to revoke alleging that appellant violated a number of conditions of his community supervision. After appellant signed a judicial confession and pleaded true to the allegations in the State's motion, the trial court revoked appellant's probation and sentenced him to ten years in prison.

## STATE'S CROSS-POINT

We address the State's cross-point first because it provides context for appellant's issues on appeal. In its cross-point the State argues that both judgments need to be reformed to correct clerical errors. With respect to the July 2011 judgment of conviction, the State notes that it states, "Terms of Plea Bargain: 10 YEARS TDC/10 YEARS PROBATED." The record demonstrates, however, that appellant did not enter into a plea bargain agreement with the State, and instead entered an open plea of guilty to the theft charge. The State also notes that the same judgment states that there were no pleas or findings with respect to the first and second enhancement paragraphs alleging two prior state jail felony convictions for burglary of a building. But the record demonstrates that appellant pleaded true to both enhancement paragraphs, and the trial court found both enhancement paragraphs to be true. We have noted the errors identified by the State, but because it is not the operative judgment in this appeal, we decline the State's request to reform the judgment of conviction.

With respect to the operative judgment in this appeal—the judgment revoking appellant's community supervision—the State notes that it includes a special finding stating that appellant pleaded true to the second enhancement paragraph, and the trial court found the second enhancement paragraph to be true.  The record demonstrates, however, that appellant also pleaded true to the first enhancement paragraph, and the trial court also found the first enhancement paragraph to be true.  This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so.  See TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).  Having compared the judgment to the record, we grant the State's request to modify it.  We modify the judgment revoking community supervision by changing the notation under "**<u>Furthermore, the following special findings or orders apply:</u>**" from "**PLED TRUE TO PARAGRAPH 2ND; PARAGRAPH FOUND TRUE 2ND**" to "**PLED TRUE TO 1ST AND 2ND ENHANCEMENT PARAGRAPHS; 1ST AND 2ND ENHANCEMENT PARAGRAPHS FOUND TRUE**."

### APPELLANT'S FIRST ISSUE

In his first issue appellant argues that his plea to the State's motion to revoke was not voluntary.  A defendant's plea of true to the violations of the conditions of his community supervision must be voluntary.  *Shephard v. State*, No. 05-13-00291-CR, 2014 WL 2151975, at *3 (Tex. App.—Dallas May 20, 2014, pet. ref'd) (mem. op., not designated for publication) (citing *LeBlanc v. State*, 768 S.W.2d 881, 882 (Tex. App.—Beaumont 1989, no pet.)).  The voluntariness of a plea is determined from the totality of the circumstances viewed in light of the entire record.  *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.).

Appellant's first issue arises from the following exchange with the trial court, which occurred towards the beginning of the hearing on the State's motion to revoke appellant's community supervision:

THE COURT: In [this case] you appeared before me on July 1st of 2011. You pled true to the enhancement paragraphs. You also pled guilty and you agreed to a plea bargain agreement at confinement in the penitentiary for a period of ten years, probated for ten years. Do you remember that happening?

[APPELLANT]: Yeah, I guess, yes, sir.

THE COURT: You've been back in that holdover all morning. Are you with me today? You understand what is going on today?

[APPELLANT]: Yes.

THE COURT: The State has filed a motion to revoke that probation. Do you want to have that motion read today, or do you give up that right?

[APPELLANT]: I guess have it read, so I can hear what's going on at this point.

THE COURT: He's acting like he's confused about what's happening.

[APPELLANT]: About reading that. You said do I want it read, that's what I was saying.

THE COURT: Do you want read the allegations about the way the State is claiming you violated probation?

[APPELLANT]: No, that's fine.

THE COURT: How do you plead, true or not true?

[APPELLANT]: True.

THE COURT: I'll accept your plea of true.

Appellant argues that the trial court's comment about appellant acting confused demonstrates that appellant did not understand the revocation proceeding. Appellant also notes that in the exchange quoted above, the trial court told appellant that he initially entered into a plea bargain agreement for the ten-year sentence, when, in fact, the record demonstrates that appellant entered

–4–

an open plea of guilty and did not enter into a plea bargain agreement.  Appellant argues that the trial court's misstatement "left [a]ppellant with the impression that he had agreed to a ten-year sentence and had no choice but to plead true to the State's motion to revoke."  Appellant also argues that the trial court (1) failed to confirm that appellant's plea was an expression of his own free will, and (2) did not indicate on the record that appellant entered his plea knowingly and voluntarily.

Texas Rule of Appellate Procedure 33.1(a) provides in part that, as a prerequisite to presenting a complaint for appellate review, a timely request, objection, or motion must be made and ruled upon by the trial court.  TEX. R. APP. P. 33.1(a).  This requirement ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made.  *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Aguilar v. State*, 26 S.W.3d 901, 905–06 (Tex. Crim. App. 2000).  In *Mendez v. State*, 138 S.W.3d 334, 338–39 (Tex. Crim. App. 2004), the Texas Court of Criminal Appeals explained that challenges to the voluntariness of a plea must be raised before the trial court in order to preserve the complaint for review on appeal.  In this case appellant did not complain to the trial court that his plea was involuntary either at the time of the revocation hearing or in a motion for new trial.  As a result, appellant has not preserved error and we resolve his first issue against him.  *See, e.g.*, *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (appellant failed to preserve error concerning voluntariness of his pleas of true to allegations in State's motion to revoke because he did not raise complaint about voluntariness during revocation hearing or in motion for new trial); *Adair v. State*, No. 13-11-00606-CR, 2012 WL 3525649, at *3 (Tex. App.—Corpus Christi Aug. 16, 2012, no pet.) (mem. op., not designated for publication) (same).

## APPELLANT'S SECOND ISSUE

In his second issue appellant argues that his sentence is illegal because it is outside the statutory range. A sentence outside the statutory range is an illegal sentence, and an illegal sentence is void. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

Appellant's complaint arises from the clerical error in the judgment revoking his community supervision. More specifically, appellant argues that because the judgment revoking his community supervision "affirmatively reflects that the judgment found only one enhancement paragraph true," the punishment range for appellant's state jail felony offense was not enhanced and the applicable range of punishment was 180 days to two years in prison. *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2014). As we have already explained, however, the judgment contains a clerical error that we have now corrected. As corrected, the judgment reflects that appellant pleaded true to two prior state jail felony convictions. Under these circumstances the punishment range for the offense at issue may be enhanced to that of a third degree felony. *See* TEX. PENAL CODE ANN. § 12.425(a). The applicable punishment range for a third degree felony is two to ten years in prison. TEX. PENAL CODE ANN. § 12.34 (West 2011). As a result, appellant's ten-year sentence is within the statutory range and is not illegal. We resolve appellant's second issue against him.

## APPELLANT'S THIRD ISSUE

In his third issue appellant complains that the trial court failed to consider the full range of punishment. A trial court's refusal to consider the entire range of punishment constitutes a denial of due process. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). Because the right to be punished after consideration of the full range of punishment "is a substantive right necessary to effectuate the proper functioning of our criminal justice system," the Texas Court of Criminal Appeals recently classified it as a waivable-only right (i.e. *Marin* category two). *Id.* at

741–43; *see also Marin v. State,* 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993) (defining "waivable only" or "category two" rights as those that "the judge has an independent duty to implement" absent effective and express waiver by defendant), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). As a result, a complaint that the trial court failed to consider the full range of punishment may be raised for the first time on appeal. *Grado*, 445 S.W.3d at 741–43.

Appellant's complaint arises from the following statements made by the trial court at the end of the revocation hearing:

> In [this] case, you agreed at the time of the original plea to a ten year sentence probated for ten years. I do not believe you have done anything on that probation that justifies reducing the length of that sentence. I'll enter an order revoking your probation.

Appellant argues that this statement shows that the trial court mistakenly thought it was bound by a plea bargain agreement and was unaware that it could impose a lesser sentence. We disagree. Although the trial court was mistaken about appellant having previously entered into a plea bargain agreement with the State, the trial court's statement quoted above does not show that the trial court refused to consider the full range of punishment. To the contrary, the trial court explained that it found no reason to reduce the length of sentence appellant received when his guilt was adjudicated—which shows that the trial court considered the full range of punishment and knew it was not bound by the terms of a plea bargain agreement. We resolve appellant's third issue against him.

## CONCLUSION

We modify the judgment revoking appellant's community supervision to reflect appellant's pleas and the trial court's findings as to the two enhancement paragraphs. We affirm the judgment as modified.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

140195F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VINCENT BERNARD JENKINS,
Appellant

No. 05-14-00195-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1153064-V.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment revoking community supervision is **MODIFIED** as follows: the notation under "Furthermore, the following special findings or orders apply" is changed from "PLED TRUE TO PARAGRAPH 2ND; PARAGRAPH FOUND TRUE 2ND" to "PLED TRUE TO 1ST AND 2ND ENHANCEMENT PARAGRAPHS; 1ST AND 2ND ENHANCEMENT PARAGRAPHS FOUND TRUE."  As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of June, 2015.