

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00213-CR
No. 07-20-00214-CR

**DANIEL LEE STEVENS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 100th District Court
Carson County, Texas
Trial Court Nos. 6746, 6358, Honorable Stuart Messer, Presiding

October 19, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Daniel Lee Stevens appeals his convictions for evading arrest in a motor vehicle with a deadly weapon that was not a firearm.[1]  We affirm the judgments of the trial court.

---

[1] TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

Background

In June of 2019, appellant pled guilty in trial court cause number 6746 (appellate cause no. 07-20-00213-CR) to the third-degree felony offense of evading arrest with a motor vehicle.[2] Pursuant to a plea bargain, the trial court deferred adjudication of appellant's guilt and placed him on eight years' community supervision. As part of his community supervision, appellant was required to pay an $8,000 fine and $276 in court costs, and complete 300 hours of community service. The order of deferred adjudication provided that the term of appellant's community supervision would run concurrent with cause number 6358 (appellate cause no. 07-20-00214-CR),[3] and the State agreed not to pursue a pending DWI charge.

In June of 2020, the State filed separate motions to revoke probation and proceed with adjudication of guilt in each cause, alleging multiple violations of the conditions of appellant's community supervision.

On August 4, 2020, the trial court held a hearing on the State's motion to adjudicate guilt in cause number 6358. Appellant appeared with counsel and entered a plea of "not true" to the allegations. The trial court heard evidence and determined that appellant violated his community supervision by failing to report a change of address; failing to report in person in October and November of 2019 and January, March, April, and May of 2020; and failing to pay court-ordered fees for February, March, April, and May of 2020.

[2] A third-degree felony is punishable by imprisonment for any term of not more than ten years or less than two years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34.

[3] The underlying cases were not part of the same criminal episode. The offense of evading arrest in cause number 6358 occurred on August 21, 2017, while the offense of evading arrest in cause number 6746 occurred on October 8, 2018.

Appellant was adjudicated guilty of evading arrest in a motor vehicle with an affirmative finding of a deadly weapon that was not a firearm and sentenced to five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.

Later, on that same day, the trial court held a hearing on the motion to adjudicate in cause number 6746. Prior to the hearing, the State and appellant reached a plea agreement that the punishment in this case would run consecutively to the punishment received in cause number 6358. Appellant appeared with counsel and entered a plea of "true" to all allegations. The trial court heard evidence and determined that appellant violated four conditions of community supervision as set forth in the State's motion and adjudicated him guilty of evading arrest in a motor vehicle, with an affirmative finding of a deadly weapon that was not a firearm. The court assessed punishment at five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice to run consecutively to the sentence in cause number 6358.

Appellant timely appealed the resulting judgments. By his appeal, appellant presents two issues. His first issue posits whether the trial court abused its discretion in cause number 6746 by finding that appellant violated the terms and conditions of his community supervision. By his second issue, appellant contends that the trial court erred in ordering the punishment in the underlying causes to run consecutively instead of concurrently.

Law and Analysis

Adjudication

While appellant presents an issue regarding the trial court's findings that he violated the terms and conditions of his community supervision, his analysis expressly concludes that the trial court did not abuse its discretion. Appellant pleaded not true to the violations alleged by the State in cause number 6358. However, when his community supervisor testified that he had failed to make four required payments or submit financial statements in lieu of the payments, appellant admitted these violations. Subsequently, appellant pled true in cause number 6746 to multiple violations. The trial court needed only find that appellant violated one of the terms and conditions of his community supervision to support revocation. *McDonald v. State,* 608 S.W.2d 192, 200 (Tex. Crim. App. 1980) (op. on reh'g); *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980). An admission by the person on community supervision that he violated a condition of community supervision is sufficient for an adjudication of guilt. *Moreno v. State,* No. 01-15-00441-CR, 2015 Tex. App. LEXIS 12211, at *4-5 (Tex. App.—Houston [1st Dist.] Dec. 1, 2015, no pet.) (citing *Richardson v. State,* 622 S.W.2d 852, 855 (Tex. Crim. App. 1981)). Consequently, we overrule appellant's first issue.

Consecutive Sentences

By his second issue, appellant contends the trial court abused its discretion in ordering that the sentences in the underlying causes run consecutively.

We review the trial court's decision to stack or cumulate sentences for abuse of discretion. *Hurley v. State,* 130 S.W.3d 501, 503 (Tex. App.—Dallas 2004, no pet.).

4

Cumulative sentencing is permitted only as provided by statute. *Cook v. State*, 824 S.W.2d 634, 641-42 (Tex. App.—Dallas 1991, pet. ref'd) (per curiam). When a defendant has been convicted in two or more cases, the trial court has discretion to order the judgment and sentence imposed in the second conviction either (1) to begin to run after the judgment and sentence imposed in the preceding conviction has ceased to operate, or (2) to run concurrently with the judgment and sentence imposed in the preceding conviction. *See* TEX. CRIM. PROC. CODE ANN. art. 42.08(a). If the convictions arise out of the "same criminal episode" and the cases are tried together, the sentences must run concurrently unless the convictions are for certain specified offenses and the trial court exercises its discretion to cumulate or stack the sentences. *See* TEX. PENAL CODE § 3.03(a), (b).

In the present cases, the records show, in cause number 6358, appellant pleaded "not true." After hearing evidence, the trial court revoked appellant's community supervision. The trial court found appellant guilty of the underlying offense and sentenced him to five years' incarceration. Later that same day, in cause number 6746, appellant pleaded "true," was admonished, and after hearing, was sentenced. The records support that these causes did not arise out of the same criminal episode, and they were not tried in a single criminal action. Accordingly, the cumulation order did not violate section 3.03. Moreover, as the trial court was authorized under article 42.08 to cumulate the sentences, its imposition of consecutive sentences was not an abuse of discretion.

Appellant points to the specific language in the order of deferred adjudication and suggests that the intent of the State and appellant was that the deferred adjudication in cause number 6358 would run concurrent with cause number 6746 including upon a

5

conviction in each matter. We do not read such an intent into the parties' agreement. Here, the record does not reflect that the parties' plea agreement contemplated that an eventual adjudication of appellant's guilt would foreclose a consecutive sentence. Upon deciding to proceed to an adjudication of guilt, the trial court is not bound by the terms of a prior plea bargain agreement, even if the plea agreement contemplated limiting the sentence to be assessed after adjudication. *Ex parte Huskins,* 176 S.W.3d 818, 819 (Tex. Crim. App. 2005). This is so because, "once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits." *Id.* (quoting *Von Schounmacher v. State,* 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (per curiam) (en banc)). Thus, here, the trial court was not bound to follow any terms of appellant's original plea bargain in cause number 6358, including any term that his sentence in cause number 6746 was to run concurrently. Reviewing courts "will not disturb the terms of [a plea] agreement by reading into it details not contemplated by the parties as reflected in the agreement or raised by the evidence." *Ex parte Williams,* 758 S.W.2d 785, 786 (Tex. Crim. App. 1988) (orig. proceeding).

When a trial court revokes a defendant's community supervision and adjudicates the defendant guilty, the trial court may consider any punishment within the range allowed by law. *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). The trial court's sentence of five years' confinement in each cause is within the applicable punishment range for a third-degree felony offense. *See* TEX. PENAL CODE ANN. § 12.34.[4]

---

[4] Appellant also argues that in the pronouncement of his sentence in cause number 6358, the trial court made no statement that his sentence would run consecutively. We note that the trial court could not order appellant's punishment in cause number 6358 to run consecutively or concurrently with the

Appellant next argues that the circumstances and timing of the plea in cause number 6746 show that he did not voluntarily enter into the plea agreement for the cases to run consecutively. We disagree.

A defendant's plea of true to the violations of the conditions of community supervision must be unequivocally voluntary. *LeBlanc v. State,* 768 S.W.2d 881, 882 (Tex. App.—Beaumont 1989, no pet.). When the record includes a prima facie showing that the plea was made voluntarily and knowingly, the appellant has the burden to show that he entered the plea without understanding its consequences. *Labib v. State,* 239 S.W.3d 322, 332 (Tex. App.—Houston [1st Dist.] 2007, no pet.). An appellant who attests when he enters his plea that he understands the nature of his plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary. *Id.*

At the beginning of the hearing on the motion to adjudicate in cause number 6746, appellant was admonished about the consequences of his plea of true and he affirmed he understood. Moreover, appellant affirmatively stated that he agreed with the plea agreement recommended by the State that the punishment would run consecutively to the punishment from cause number 6358. Appellant further acknowledged that he was entering the plea freely, knowingly, and voluntarily, and that he was not threatened into making a plea.

We find that appellant failed to meet his burden to demonstrate that his plea was not voluntary. We overrule appellant's second issue.

---

adjudication of cause number 6746 as cause number 6746 had not been adjudicated at the time the trial court sentenced appellant in cause number 6358.

7

Conclusion

Having overruled both of appellant's issues on appeal, we affirm the judgments of the trial court.

Judy C. Parker
Justice

Do not publish.