

**NUMBER 13-23-00155-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**REYNALDO ROVIRA,**                                                                  **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                  **Appellee.**

---

**ON APPEAL FROM THE 319TH DISTRICT COURT
OF NUECES COUNTY, TEXAS**

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Peña**

Appellant Reynaldo Rovira appeals the trial court's orders revoking his community supervision; adjudicating him guilty of two counts of indecency with a child by contact, a second-degree felony, and one count of indecency with a child by exposure, a third-degree felony; and sentencing him to ten years' imprisonment. *See* TEX. PENAL CODE ANN.

§§ 21.11(d), (a)(2). He argues by one issue that the trial court erred by failing to "ensur[e] or find" that his "pleas of [t]rue were voluntarily given." We affirm.

## I.   BACKGROUND

In a three-count indictment, Rovira was charged with two counts of indecency with a child by contact, a second-degree felony, *see id.* § 21.11(d), and one count of indecency with a child by exposure, a third-degree felony. *See id.* § 21.11(a)(2). As part of a plea agreement, Rovira pleaded guilty as charged in the indictment and was placed on deferred-adjudication community supervision for a period of eight years. *See id.* § 42A.101. The trial court imposed numerous community-supervision conditions, including sex offender special conditions. *See id.* § 42A.104. The trial court certified that, because it was a plea bargain case, Rovira had no right to appeal.

After pleading guilty, Rovira filed a motion for new trial, arguing that he was unaware of the consequences of his guilty plea and that he was innocent. Rovira alternatively sought permission from the trial court to appeal. After the trial court did not grant Rovira relief, he appealed to this Court. This Court dismissed Rovira's appeal for want of jurisdiction because the trial court had certified that Rovira had entered into a plea agreement and had no right to appeal without permission. *See Rovira v. State*, No. 13-22-00317-CR, 2022 WL 4548906, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 29, 2022, no pet.) (mem. op., not designated for publication). Rovira also filed an application for writ of habeas corpus with the Texas Court of Criminal Appeals, which was subsequently dismissed.[1]

---

[1] The dismissal order from the Texas Court of Criminal Appeals provides as follows: "This is to advise that your application for writ of habeas corpus has been dismissed. Conviction not final; mandate

2

On February 30, 2023, the State of Texas filed a motion to revoke Rovira's community supervision, alleging that he violated four community-supervision conditions, namely that: (1) Rovira "was in a Child Safety Zone where minor children were present" when he attended a church festival; (2) Rovira failed to answer questions on a polygraph examination as requested; (3) Rovira was residing on the same property as a minor child; and (4) Rovira was in contact with minor children when he attended a church festival.

On April 4, 2023, the trial court held a hearing on the State's motion to revoke. Prior to the hearing, the trial court provided Rovira with the "Court's Written Admonishments to Defendant in Revocation and/or Adjudication Proceedings," which provided, in relevant part, as follows:

> **Voluntary Plea.** Your plea must be voluntary. The Court cannot accept your plea if anyone forced you, tried to force you or persuaded you to make that plea; or if anyone threatened you or promised you anything to get you to make that plea; or if your plea is influenced by any consideration of fear or a delusive hope of a pardon prompting you to confess that you violated a condition of community supervision. *Your plea must be of your own free will*.
>
> **Basis for Plea of True.** Your plea of true may be accepted by the Court only if you admit that you violated a condition of community supervision; you should not plead true for any other reason. By pleading true, the Court may find that you violated a condition of community supervision.
>
> . . . .
>
> **Right to Plead Not True.** Even though you know that you have violated a condition of community supervision, you still have the right to plead not true and to force the State to prove by a preponderance of the evidence that you violated a condition of community supervision. You have basic rights: the rights to a hearing, without a jury; the right to remain silent and not testify; the right to force the State to bring witnesses into court to testify against you; the right to confront and, through your attorney, to cross-examine the State's witnesses; the right to compel the attendance of witnesses in your behalf; and the right to present evidence in your defense. These are some

not issued at time application filed in trial court. *See Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000)." Rovira did not take any further action with respect to the dismissal of his writ.

of the constitutional rights that you waive or give up by pleading true or nolo contendere and by agreeing to be tried before the Court without a jury upon stipulated or agreed testimony and evidence.

**No Evidence Required.** By pleading true or nolo contendere, the State does not have to produce any evidence against you. By pleading true or nolo contendere alone, the Court may revoke your community supervision and, if you are on deferred adjudication, to proceed to adjudicate your guilt.

(Emphasis in original.)

The admonishments also informed Rovira that the trial court was not bound to accept any punishment recommendation from the State, and that

if your plea is based on an agreement with the State that the State will make a specific recommendation on punishment, but the Court does not follow that recommendation, *you will not be allowed to withdraw your plea of true*. . . . In deciding whether to continue you on community supervision or to revoke your community supervision or in assessing your punishment, the Court may consider recommendations made by the State or your attorney, but the Court is not bound or required to accept or follow any recommendations so made. The Court will consider the evidence and then assess whatever punishment the Court feels is proper regardless of any recommendations made.

(Emphasis in original.)

The admonishments concluded: "***Do not sign any documents unless you yourself have read them or someone else read them to you, word for word, and unless you fully understand what is contained in the documents***." (Emphasis in original.)

Below the admonishments provided to Rovira is a section of the document entitled "Defendant's Statement Understanding Admonishments," wherein Rovira signed his initials indicating that: he understood and could read the English language and personally read the documents relevant to the revocation hearing; he "understood the Court's written admonishments and explanation of [his] constitutional and statutory rights"; when he was placed on community supervision he was given a copy of the requisite conditions and

4

understood them; he has read and understood the motion to revoke and is convinced that he has no defenses to the violations and intends to plead true; he "now enter[s] [his] plea of true to at least one of the alleged violations in the motion," "enter[s] [his] plea of true freely and voluntarily and without force, threats, persuasion, fear or promise," and "enter[s] said plea because [he] violated at least one condition of community supervision alleged in the pending motion to revoke"; he "had sufficient time and opportunity to consult with [his] lawyer and ha[s] discussed with [his] attorney all relevant facts and the law applicable to this case" and is "satisfied with the representation [his] lawyer has given [him]"; he is mentally competent to enter a plea; and he "understands the admonishments given to [him] in writing by the Court, [he] knows the range of punishment applicable in this cause, and [he] [is] aware of the consequences of entering a plea of true/nolo contendere." The admonishments document also included a section entitled "Defendant's Waiver of Rights," wherein Rovira initialed indicating that he understood he was waiving certain rights, including his right to confront and cross-examine witnesses.

At the revocation hearing, Rovira affirmed that he had reviewed the admonishments document and had read, signed, and initialed it. Rovira affirmed that he understood that "by signing this document, [he was] waiving or giving up certain rights in [his] case." Rovira acknowledged that he understood that there are no plea bargains associated with a motion to revoke, and that his only remedy should he not be satisfied with the trial court's sentence would be to file an appeal. Rovira agreed that he was able to discuss the motion to revoke with his attorney and ask any questions.

After defense counsel entered pleas of true on Rovira's behalf, the trial court accepted the pleas and then heard evidence for sentencing. Relevant here, Rovira

testified on his own behalf. During his testimony, Rovira denied that he knowingly violated his probation conditions. As to the violations stemming from his attendance of a church festival, Rovira stated that he believed that because the probation department did not require him to report during the pendency of his direct appeal, he was not subject to conditions at the time. As to residing on the same property as a minor child, Rovira stated that his probation officer had previously approved the residence, and he was not otherwise aware that he could not live there. As to his failure to answer polygraph questions, he stated that because he had a pending application for writ of habeas corpus before the Texas Court of Criminal Appeals, he did not "feel comfortable enough to answer any of these questions with the case because [he] ha[d] this writ going on."

On cross-examination, Rovira complained about his original guilty plea in the case, stating he "wasn't aware of everything that was going to happen with [the] plea deal" and "wasn't told exactly everything that was going to happen." Rovira explained that he did not fully understand his original plea because of its "legal jargon." Asked whether a person can be successful on probation if "they don't truly believe that they are repentant and that they did something wrong," Rovira responded: "[i]f they are truly guilty." The State then asked: "And you're saying that you are not [truly guilty]?" To which Rovira responded, "Exactly what I've been saying." At the close of evidence, the trial court adjudicated Rovira guilty and sentenced him to ten years' imprisonment. This appeal followed.

## II.    STANDARD OF REVIEW & APPLICABLE LAW

"We review a trial court's order revoking community supervision for an abuse of discretion." *Carreon v. State*, 548 S.W.3d 71, 77 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (citing *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013)). "In

6

a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke." *Martinez v. State*, 563 S.W.3d 503, 510 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (citing *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc)). "In making this determination, we examine the evidence in the light most favorable to the trial court's findings to determine whether it could make the findings that were returned." *Id.* (citing *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.)). A single violation will support the trial court's decision to revoke community supervision. *Cazarez v. State*, 606 S.W.3d 549, 560 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009)).

A plea of true, standing alone, is generally sufficient to support revocation of community supervision. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) (citations omitted); *Cazarez*, 606 S.W.3d at 559 (same). Defense counsel has the authority to enter a plea of true on a defendant's behalf. *See Tindel v. State*, 830 S.W.2d 135, 1237 (Tex. Crim. App. 1992); *see also Leggett v. State*, No. 05-16-00923-CR, 2017 WL 1149672, at *2 (Tex. App.—Dallas Mar. 28, 2017, no pet.) (mem. op., not designated for publication) (same). "A defendant's plea of true to the violations of the conditions of his community supervision must be voluntary." *Sykes v. State*, 586 S.W.3d 522, 531 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) (citing *LeBlanc v. State*, 768 S.W.2d 881, 882 (Tex. App.—Beaumont 1989, no pet.)). "Written [admonishments] signed by the defendant and the court reporter's record showing that the defendant orally represented to the court that he understood the [admonishments] constitute a prima facie showing that the plea was voluntary." *Cantu v. State*, 993 S.W.2d

7

712, 717 (Tex. App.—San Antonio 1999, pet. ref'd); *see Dial v. State*, 418 S.W.3d 623, 624–25 (Tex. App.—Amarillo 2009, no pet.) (noting that the "receipt of statutory admonishments" is prima facie evidence that a plea of true in revocation proceedings is knowing and voluntary). "Once the defendant and trial counsel have signed written admonishments, statements, or waivers, and the trial court has established that the defendant has read and understood the admonishments, the judge is not required to orally inquire about the voluntariness of the plea." *Cantu*, 993 S.W.2d at 716–17; *see also Mitchell v. State*, No. 13-10-00184-CR, 2011 WL 2651612, at *1 (Tex. App.—Corpus Christi–Edinburg July 7, 2011, no pet.) (mem. op., not designated for publication) (same). After receipt of such admonishments, "[t]he burden is on the appellant to overcome the presumption of regularity of the judgment and the proceedings." *Lee v. State*, 39 S.W.3d 373, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.). "An appellant who attests when he enters his plea that he understands the nature of his plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary." *Sykes*, 586 S.W.3d at 531 (citation omitted); *see also Mitchell*, 2011 WL 2651612, at *1.

### III.    DISCUSSION

Rovira argues that because his testimony during the sentencing portion of his revocation hearing was "essentially . . . that th[e] allegations were Not True," the record is consequently unclear as to the voluntariness of his pleas of true. Rovira further argues that he is entitled to relief because the "record shows counsel's pleas were the trial court's sole basis for revocation[.]"[2]

---

[2] Rovira does not separately claim that he was deprived of his right to maintain his innocence to the allegations against him in the motion to revoke. *See McCoy v. Louisiana*, 584 U.S. 414, 422 (2018);

We first note that Rovira did not properly preserve the issue of the voluntariness of his pleas of true because he failed to complain to the trial court about this issue, nor did he file a motion for new trial raising this issue. *See* TEX. R. APP. P. 33.1(a)(1); *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (declining to address appellant's complaint that his plea of true in revocation proceedings was involuntary because "no complaint was made to the trial court that the plea was involuntary not only at the time of the revocation hearing, but no motion for new trial raised this issue"); *see also Utzman v. State*, No. 06-19-00113-CR, 2020 WL 111305, at *2 (Tex. App.—Texarkana Jan. 10, 2020, no pet.) (mem. op., not designated for publication) ("At the trial court, [appellant] never sought to withdraw his plea of true to the felony escape conviction. [Appellant] has, therefore, not preserved this complaint for our review.").

Even assuming Rovira is not required to have preserved this issue for review, we find it is without merit because there is prima facie proof that his pleas of true were voluntary and knowing, and he has failed to carry his "heavy burden" of showing that he did not fully understand the consequences of his pleas or that they were otherwise involuntary. *See Sykes*, 586 S.W.3d at 531; *see also Lindley v. State*, No. 08-08-00149-CR, 2010 WL 1076138, at *6 (Tex. App.—El Paso Mar. 24, 2010, no pet.) (mem. op., not designated for publication).

---

*see also Renteria v. State*, No. 05-22-00808-CR, 2023 WL 4446337, at *2 (Tex. App.—Dallas July 11, 2023, pet. ref'd) (mem. op., not designated for publication) ("Appellant contends his counsel did not give him a 'real choice' other than to plead true to the State's allegations. Because of this, appellant argues he was deprived of his right to maintain his innocence in violation of *McCoy*[.]"). Nor does Rovira separately claim that his pleas were rendered involuntary by ineffective assistance of counsel. *See Sykes v. State*, 586 S.W.3d 522, 532 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) (determining whether alleged ineffective assistance of counsel rendered appellant's plea of true involuntary where appellant raised counsel's purported misrepresentation in a motion for new trial after his revocation hearing, and where he supplemented the record with an affidavit accompanying the motion and the trial court held a hearing on the motion).

The record shows that Rovira signed and initialed the admonishments document provided by the trial court. He acknowledged that he understood the admonishments, that he understood the consequences of his pleas of true, and that his pleas were given freely and voluntarily. At the revocation hearing, Rovira affirmed that he read, signed, and initialed the admonishments document; that he understood that by signing it he was giving up certain rights; and that he understood that his pleas of true alone would be sufficient for the court to find that he had violated his community-supervision conditions. The admonishments document and Rovira's statements at the revocation hearing are prima facie evidence that his pleas of true were knowing and voluntary. *See Cantu*, 993 S.W.2d at 717; *Dial*, 418 S.W.3d at 624–25; *Lee*, 39 S.W.3d at 375 ("Appellant initialed the admonishment sheet recognizing that: (1) she was charged with felony DWI; (2) she was mentally competent; (3) she understood the nature of the charge; (4) she understood the admonishments; (5) she understood the consequences of her plea; (6) she understood English; (7) and that her plea was freely and voluntarily made. Appellant also waived the right to have the trial court orally admonish her. These statements are prima facie evidence that the nolo contendere plea was knowing and voluntary.").

Rovira thus bore the "heavy burden" of showing that he did not understand the consequences of his plea. *See Sykes*, 586 S.W.3d at 531; *Lee*, 39 S.W.3d at 375. Rovira implies the fact that defense counsel orally entered the pleas of true on his behalf indicates involuntariness. However, defense counsel is permitted to do so during a revocation proceeding, *see Tindel*, 830 S.W.2d at 137, and Rovira fails to explain how defense counsel pleading true on his behalf otherwise clouds the voluntariness of his pleas which the prima facie proof evinces. *See* TEX. R. APP. P. 38.1(i). Nor does Rovira's

10

statement that he did not understand the consequences of his original plea because of its "legal jargon" cast doubt on the voluntariness of his pleas to the revocation allegations. During the revocation hearing, Rovira did not state or otherwise imply that he did not understand the admonishments document or the consequences of his pleas of true to the revocation allegations.

Rovira consequently relies on his testimony during the sentencing portion of the revocation hearing implying that he did not knowingly violate his community-supervision conditions as proof of involuntariness. However, the admonishments informed Rovira of his right to plead not true and the consequences of pleading true, including Rovira's inability to withdraw his plea of true if the trial court did not impose a sentence recommended by the State, if any. Rovira offers no evidence attacking the validity of his acknowledgment of understanding the admonishments, and he was not "entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady v. United States*, 397 U.S. 742, 757 (1970); *see also Renteria v. State*, No. 05-22-00808-CR, 2023 WL 4446337, at *4 (Tex. App.—Dallas July 11, 2023, pet. ref'd) (mem. op., not designated for publication) (concluding that, where appellant complained that he was deprived of his right to maintain his innocence when he pleaded true at his revocation hearing, "[a]lthough appellant may have hoped his willingness to plead 'true' and take responsibility for his actions would result in a lesser sentence, his decision to follow an unsuccessful strategy does not render his plea unknowing, unintelligent, or involuntary"). Under such circumstances, "[i]nvalidating a plea . . . would render the waivers, admonishments, and stipulations that

11

a defendant has sworn to—the equivalent of testimony—inconsequential." *Ex parte Broussard*, 517 S.W.3d 814, 819 (Tex. Crim. App. 2017).

On this record, in light of the prima facie showing of voluntariness evidenced by the admonishments document, Rovira has failed to provide sufficient evidence to meet his heavy burden of showing that his pleas of true were involuntary and that he did not understand the consequences of his pleas. See *Cantu*, 993 S.W.2d at 716–17; *Lee*, 39 S.W.3d at 375; *Sykes*, 586 S.W.3d at 531. We overrule Rovira's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
18th day of July, 2024.